Tina CONDON and Roberta Condon,
Appellants (Defendants Below),

v.

Mea PATEL and Chittaranjan Patel,
Appellees (Plaintiffs Below).

No. 3-983A288.

Court of Appeals of Indiana,
Third District.

Feb. 20, 1984.

Kenneth M. Wilk, Hand, Muenich & Wilk, Highland, for appellants.

Anthony J. Iemma, Iemma & Hughes, Elkhart, for appellees.

STATON, Presiding Judge.

The Patels sued Tina Condon after an automobile accident. Tina's insurance coverage was under a policy on which her father was the named insured. Tina's parents, Robert and Roberta, were joined as defendants approximately two months after the original complaint was filed. Eight months later, the Patels obtained a default judgment against the Condons for failure to plead. The Condons moved for relief from the judgment alleging, *inter alia,* mistake, surprise, and excusable neglect.[1] The trial court granted the Rule 60 motion only as to Robert. Tina and Roberta appeal the denial of their motion for relief from the judgment. We reverse.

According to the affidavit supporting the Condon's motion for relief from the judgment, their insurance representative spoke with the Patels' attorney after the complaint was filed but before Tina's parents were joined. The attorney agreed to grant an indefinite extension of time for pleading. The agreement was confirmed by the following letter which was signed by the Pa-

---

1. Ind.Rules of Procedure, Trial Rule 60 provides in part:
   "(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
   (1) mistake, surprise, or excusable neglect;"

tels' attorney and returned to the insurance representative:

"Dear Mr. Iemma:

INSURED: Robert Condon

CLAIM NO.: 12–27791–68

YOUR CLIENT: Mea Patel

D/L: 10–15–79

I am in receipt of the suit papers serviced [sic] upon my Insured.

When I spoke to you on 8–19–81, you advised you would allow an Indefinate [sic] Extention [sic] on this suit. If this is agreeable, please sign the enclosed copy of this letter and return.

Please be advised on [sic] January of 1980 we paid Ms. Patel's insurance company $1,577.31 for the repairs to her car. On receipt of your specials I will be in contact with you regarding settlement.

Sincerely,

s/ Sue Williams

Sue Williams

Claims Department

SW/by

s/ Anthony J. Iemma
Attorney's Name"

Also according to the insurance representative's affidavit, the following is an accurate account of the communications between her and the Patels' attorney:

"Insured: Roberta Condon

Claimant: Mae Palet [sic]

Date of Loss: 10/15/79

ILA3–27791–68

8/19/81 Called attorney—he advised he was still having problems gathering specials and proving wage loss. Told me he filed suit to protect statute. He advised he would allow an indefinate [sic] extension on the suit.

9/8/81 Received signed extension letter from attorney.

1/7/82 Called attorney—out of town until some time next week.

1/11/82 Sent letter to attorney to send additional specials.

3/22/82 Called attorney—left message.

3/24/82 Called attorney—left message.

3/26/82 Called attorney—advised he was still gathering; should be sending specials soon.

5/7/82 Called attorney—gone until Tuesday.

5/11/82 Called attorney—left message.

5/13/82 Called attorney—left message.

5/21/82 Called attorney—secretary will make sure he calls me.

5/27/82 Called attorney—spoke to secretary; advised that claimant had another suit pending. This should be resolved in next couple of weeks. Then they will work on getting this suit resolved. She suggested for me to diary file longer.

8/23/82 Called attorney—left message.

8/24/82 Called attorney—left message.

8/27/82 Called attorney—left message.

9/24/82 Called attorney—not in. Send him letter to send additional specials.

11/19/82 Called attorney—left message.

11/22/82 Called attorney—left message.

11/23/82 Called attorney—left message."

The Patels' motion for default judgment was filed on June 17, 1982.

The Patels filed a statement in opposition to the motion for relief along with their attorney's affidavit. He did not refute the Condons' version of the events. He stated in part:

"8. That your affiant agreed to an extension as evidenced by his signature on the letter, Exhibit A of Defendants, Condon's [sic] Motion to Correct Errors and Motion for Relief from Judgment.

9. That, however, your affiant understood the agreement to mean that within a reasonable time the Defendants, Condons would obtain an attorney and file an answer, though negotiations for settlement would continue.

10. That the use of more than one name in correspondence created confusion as to who actually was the insurance carrier for the defendants.

11. That the time of ten (10) months between the filing of the complaint and the filing of the motion for default judgment is a generous amount of time to be given by the Plaintiffs to the insurance company and the Defendants within which to answer.

12. That, moreover, it was becoming clear to your affiant was not going to be able to reach an adequate settlement with the Defendants, for this reason a motion for default judgment was filed [*sic*]."

We will reverse the court's ruling only for an abuse of discretion. *Siebert Oxidermo, Inc., v. Shields* (1983), Ind., 446 N.E.2d 332, 340. An abuse of discretion is an erroneous conclusion which is clearly against the logic and effect of the facts of the case. *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288, 290. The court was presented with uncontradicted evidence of an agreement to indefinitely extend pleading and of the insurance company's attempts to contact Patels' attorney until she was advised that he could not get to the case for a few weeks. Three weeks later, the default was taken. We find that on this evidence the court was limited by the bounds of its discretion to a ruling that the Condons' failure to plead was excusable because of their reasonable reliance on the agreement and on the representations of opposing counsel.

Furthermore, whether or not the court *could* have, in its broad discretion, properly decided either way on the Condons' motion regarding excusable neglect, we find it abused its discretion by distinguishing between Robert on the one hand and Tina and Roberta on the other. When the court ruled in favor of Robert only, it stated:

"The Court having reviewed the Defendants' Motion and the pleadings and affidavits filed herein, the Court now finds that the Plaintiffs through their attorney, Anthony J. Iemma, granted the Defendant, Robert Condon, an indefinite extension of time regarding the claim against the Defendant, Robert Condon, and the Court now grants the Defendant's Robert Condon, Motion for Relief from Judgment and sets aside the judgment heretofore entered as to the Defendant, Robert Condon.

It appearing to the Court that no extension of time was requested by or granted to the remaining Defendants, namely, Tina M. Condon, Vernon E. Nolan, Jr., and Roberta Condon, the Court now denies the Motion for Relief from Judgment as to the above named defendants."

We find the court's reasoning clearly erroneous. First, at the time the extension agreement was reached, Tina was the only named defendant. The agreement certainly applied to her despite the reference "Insured: Robert Condon" on the letter. Second, the Patels and their attorney made reference in their motions and affidavits to the agreement extending the *Condons'* pleading. The plain meaning of the agreement was that it applied to any joint defendant to Patels' suit who was insured by Robert's policy. We would affirm the trial court on any sustainable theory. *Board of Zoning Appeals v. Shell Oil Co.* (1975), 164 Ind.App. 497, 329 N.E.2d 636, 642. However, we find no basis on which to hold that the court had the discretion to rule as it did on Tina's and Roberta's motion.

Reversed.

HOFFMAN and GARRARD, JJ., concur.