**Monroe MILLER, Appellant,**

v.

**FARMERS INSURANCE GROUP, Appellee.**

**No. 71A03–8905–CV–204.**

Court of Appeals of Indiana, Third District.

Oct. 17, 1990.

Daniel H. Pfeifer, Sweeney, Pfeifer & Blackburn, South Bend, for appellant.

John P. McQuillan and Kristin A. Mulholland, Spangler, Jennings & Dougherty, P.C., Merrillville, for appellee.

GARRARD, Judge.

Miller brought this suit against his insurance carrier pursuant to the uninsured motorist coverage of his policy. He had sustained injuries in an automobile collision on July 21, 1986 with Armando Alvarez.

The trial court granted summary judgment for the carrier on Miller's claim for punitive damages. Trial to a jury on the principal claim resulted in a verdict and judgment for Miller. In this appeal Miller urges that the court erred in granting summary judgment on his claim for punitive damages.

The applicable law was declared in *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349. There our supreme court held that punitive damages should not be allowable upon evidence that is merely consistent with a hypothesis of malice, fraud, gross negligence or oppressiveness. Instead, some evidence is required that is inconsistent with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, over-zealousness, mere negligence or some other noniniquitous human failing. 442 N.E.2d at 362. Thus, the requirement that such damages be recoverable only upon proof by clear and convincing evidence furthers the public interest. 442 N.E.2d at 363.

In the case before us the materials before the court on summary judgment disclosed that shortly after the collision Miller's son, who was an agent for the carrier, filed a claim form giving Miller's version of what had occurred and indicating that Miller was not at fault. Within two or three days an adjuster was assigned to investigate the claim. He viewed the scene, took photographs, talked to two witnesses and interviewed both Alvarez and Miller. He concluded that the two vehicles had collided at an intersection when Miller made a left turn in front of Alvarez. He found no obstruction to visibility and that Miller should have been able to see the Alvarez vehicle before entering the intersection. He recommended denial of the claim because in his opinion Miller was more than 50% at fault. (The claim is admittedly governed by the comparative fault statute.) He promptly informed Miller of his decision by telephone.

On the request of Miller's attorney the investigation was reopened and assigned to a different claims representative. He concluded that Miller was 50% at fault and reported the results of his investigation to his supervisor. The supervisors made the final conclusion as to coverage. They concluded that Miller proximately caused the collision and therefore denied the claim again.

On the other hand, Miller points out that the witness statements taken by the first adjuster did not accuse Miller of failing to yield the right of way. Moreover, the acci-

dent report indicated that Alvarez was the cause of the collision and a police report determined that the contributing circumstance to the collision was the unsafe speed of Alvarez. Additionally, he points out that the report of the second adjuster concluded he was 50% at fault while the act does not bar him from recovery unless he was *more* than 50% at fault. *See* IC 34–4–33–4.

We believe the case exemplifies the exact situation and distinction that *Armstrong* sought to focus upon. Had there been no inferences opposing the insurer's decision, there would be no question whatever concerning the propriety of its decision.

Here there was an available inference of negligence, mistake of law or fact, overzealousness or error of judgment. As Miller points out, the inferences in his favor are even *consistent* with gross negligence or oppressiveness. The critical point, however, in terms of *Armstrong* is that this is the most that can be said.

There is no evidence that is *inconsistent* with the hypothesis that the insurer's conduct, if tortious at all, was not merely the result of negligence, overzealousness, etc. Thus, there was no clear and convincing evidence to support a claim for punitive damages.

Miller was entitled under the proofs at trial to recover on the policy and he did so. Summary judgment was properly awarded on his additional claim for punitive damages.

Affirmed.

HOFFMAN, P.J., and BUCHANAN, J., concur.