SEARS, Appellant–Defendant,

v.

John BLUBAUGH, Appellee–Plaintiff.

No. 29A05–9301–CV–3.

Court of Appeals of Indiana,
Fifth District.

May 18, 1993.

Transfer Denied Aug. 2, 1993.

Judy S. Okenfuss, Ice Miller Donadio & Ryan, Indianapolis, for appellant-defendant.

James W. Cunningham, Roberts & Bishop, Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

This small claims action was initiated by John Blubaugh, who sued Sears in Hamilton County Small Claims Court for $2,195.45 in damages allegedly caused by defective tires he purchased from Sears. The summons with which Sears was served contained the following sentence:

> You are not required to have any attorney in small claims court, but you may be represented by one if you wish.

(R. 7). Goodyear Tire & Rubber Co., the manufacturer of the tires purchased by Blubaugh, conditionally accepted defense of the case.

At trial on Blubaugh's claim held September 14, 1992, Sears was represented by Doug Leggett, a Sears employee. After Blubaugh had presented his evidence, the court asked Leggett if he was an attorney, to which Leggett replied no. The court then explained to Leggett that, according to the small claims rules, Sears had to be represented by counsel. During a discussion between the court, Leggett and Blubaugh, it was revealed that Mr. Leggett had filed and had been granted a continuance of the trial date. At trial, Mr. Leggett requested another continuance to obtain counsel; however, the court denied this request and entered default judgment in favor of Blubaugh for $1,531.10 plus filing fees of $30.00.

On September 25, 1992, Sears filed a motion to set aside the default judgment, asserting that Goodyear had called the court to ask if defendants could appear without counsel and was told that no counsel was needed. Therefore, Goodyear did not retain counsel to appear for Sears at trial. The trial court denied this motion and, on October 30, 1992, Sears filed a motion to correct errors which was denied two weeks later. Sears filed a motion to reconsider the denial on November 18, 1992. In support of this motion, Sears filed the affidavit of Rick St. John, legal counsel for Goodyear. St. John averred that he had been told that no attorney was needed.[1] Sears filed its praecipe for appeal on December 1, 1992, and on December 7, its motion to reconsider was denied.

On appeal, Sears argues that the trial court should have granted it relief from the default judgment. We agree.

Indiana Small Claims Rule 10(C) governs relief from default judgments and provides:

> Upon good cause shown the court may, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim. Following the expiration of one year, the judgment debtor may seek a reversal of the original judgment only upon the filing of an independent action as provided in Ind.R.Tr.P. 60(B).

The decision to set aside a default judgment is within the sound discretion of the trial court, and we will reverse only if it appears that the trial court has abused that discretion. *Potts v. Castillo* (1984), Ind. App., 460 N.E.2d 996. An abuse of discretion will be found only where the trial court's action was clearly against the logic and effect of the circumstances. *Id.* The burden is on the movant to establish his grounds for relief. *Miller v. Farmers Ins. Group* (1990), Ind.App., 560 N.E.2d 1261. When relief from default judgment is sought, the movant must ordinarily by affidavit or by introducing evidence at a hearing conducted on its motion establish a

---

1. Blubaugh argues that this affidavit should be struck and not considered by this court. However, Blubaugh made no objection to the affidavit to the trial court; therefore, he has waived any objection to the affidavit. *Paramo v. Edwards* (1990), Ind., 563 N.E.2d 595.

factual basis for the claimed ground for relief and establish that he has a meritorious defense. *Id.* 560 N.E.2d at 1261. However, the movant may also meet his burden by showing that the default judgment should not have been granted in the first place. *See id.* (motion for default judgment properly set aside where plaintiff failed to establish a prima facie case for recovery even though movant failed to establish factual grounds for relief or a meritorious defense).

It is not disputed that Sears was required to appear by counsel according to the Small Claims Rules. S.C.R. 8(C); *Yogi Bear Membership Corp. v. Stalnaker* (1991), Ind.App., 571 N.E.2d 331. However, Sears argues that it should have been given an opportunity to obtain counsel before suffering default judgment.

In *Western Parks*, 270 Ind. 41, 383 N.E.2d 290, the corporate plaintiff was not represented by counsel and won a default judgment against the defendant. The defendant filed a motion for relief from the judgment and an alternative motion to dismiss the action. The small claims court denied both motions. Thereafter, the defendant petitioned our supreme court for a writ of mandate and prohibition, to prevent the small claims court from exercising further jurisdiction over the action until *either* legal counsel appears on behalf of the plaintiff corporation or the case is dismissed. The supreme court held that the small claims court did not have jurisdiction to hear the case because the corporate plaintiff was not represented by legal counsel and granted the defendant's petition.[2]

Similarly, in *Yogi Bear*, this court reversed a judgment by the county (small claims) court in favor of the corporate plaintiff, holding that, because the corporation was not represented by counsel, the county court was without jurisdiction to hear the case. We remanded with the following instruction:

> On remand, if [Yogi Bear] fails to retain counsel, then the court should dismiss the cause.

571 N.E.2d at 334. In both *Western Parks* and *Yogi Bear*, the corporation was given an opportunity to obtain counsel in the small claims court before suffering dismissal.

A similar result was reached, though not in the context of the Small Claim Rules, in *Christian Phone Book v. Jewish Community Relations* (1991), Ind.App., 576 N.E.2d 1276. We set aside the trial court's dismissal of the corporate plaintiff's complaint. The corporation's complaint was signed by the president of the corporation. No attorney appeared for the corporation at the time it filed the complaint. The attorneys for the defendant then filed an answer as well as a motion to dismiss. The corporation's attorney did eventually file an appearance the day of the hearing on the motion to dismiss and represented the plaintiff at that hearing. Even though counsel appeared at the hearing, the trial court dismissed the action and we reversed.

■ Sears argues that our decision here is controlled by *Christian Phone Book*, which would, by analogy to the facts here, require Sears be given an opportunity to obtain counsel before suffering default judgment. Sears points to several factors as bolstering its argument: 1) the summons said that it was not required to appear by counsel; 2) Goodyear's legal counsel was told that it did not need an attorney; 3) Sears sought a continuance immediately upon learning counsel was required; and 4) legal counsel did enter an appearance less than two weeks after the default judgment was entered.

Blubaugh attempts to distinguish *Christian Phone Book* on the following factual basis: 1) it was decided under I.C. 34–1–60–1, and not under S.C.R. 8(C); 2) counsel for corporation entered an appearance before the case was dismissed, but here, an appearance by counsel was not entered until after the default judgment had been entered; and 3) it involved a motion to dismiss and not a motion for default judgment.

**2.** This decision was incorporated into the small claims rule by S.C.R. 8.

We find Blubaugh's argument unconvincing. First of all, under I.C. 34–1–60–1, corporations are required to appear by an attorney in civil actions, just as they are in small claims cases. Further, it would be illogical to treat a case where, as here, no hearing is scheduled on the motion, different from the case where, as in *Christian Phone Book*, the judge scheduled a hearing. Under Blubaugh's analysis, our decision would hinge on whether the trial court held a hearing on the motion. It is common sense to assume that a corporation facing dismissal because of failure to appear through counsel would have counsel represent it at the hearing. Here, no such hearing was held and, because Sears' continuance was denied, Sears was not given an opportunity to rectify its errors as was the corporation in *Christian Phone Book*.

Furthermore, for the purpose of our discussion here, we see no reason to distinguish between a dismissal and a default judgment when both are based on the failure to appear through counsel. Both operate to terminate the litigation. In fact, a default judgment is even more severe than a motion to dismiss because the plaintiff whose complaint has been dismissed without prejudice may refile the complaint without first seeking relief from the court. *See* S.C.R. 10(A). The defaulted defendant, on the other hand, must seek relief from the judgment from the court.

In addition, both dismissals and default judgments are viewed with disfavor in Indiana and considered extreme remedies which should not be granted when less drastic sanctions would suffice. *See Christian Phone Book*, 576 N.E.2d at 1277 (dismissal); *Oler v. Supervised Estate of Huckleberry* (1987), Ind.App., 504 N.E.2d 349 (default judgment). The policy disfavoring default judgments is consistent with the goals of the Small Claim Rules to promote access, economy, and informality. *See Potts*, 460 N.E.2d at 998.

We agree with the trial court that the duty was on Sears to know the rules of the small claims court. We note, however, that the summons instructed Sears that it did not need an attorney to represent it. Therefore, we hold that under the circumstance of this case, the trial court abused its discretion in entering default judgment. Sears should have been given an opportunity to rectify its error.[3] The entry of default judgment in favor of Blubaugh is therefore reversed and this case is remanded for further proceedings consistent with this opinion. Because we reverse the trial court's entry of default judgment, Blubaugh's request for Appellate attorney fees is denied.

RUCKER and CHEZEM, JJ., concur.

---

**3.** We recognize that there may be factual situations in which a corporation that fails to obtain legal counsel should suffer dismissal or default judgment. *See, e.g., Palazzo v. Gulf Oil Corp.* (11th Cir.1985), 764 F.2d 1381 (dismissal of complaint affirmed where corporation failed to obtain counsel even though trial court had repeatedly warned corporation to do so); *Jones v. Niagara Frontier Trans. Auth.* (2nd Cir.1983), 722 F.2d 20 (dismissal affirmed where trial court gave corporation 45 days to obtain counsel); *Strong Delivery Ministry Ass'n. v. Board of Appeals* (7th Cir.1976), 543 F.2d 32 (dismissal affirmed where corporation failed to obtain legal representation after being given opportunity to do so by the trial court.)