**GALLANT INSURANCE COMPANY,**
Appellant–Intervening
Defendant,

and

Thomas A. Rickelman, Defendant,

v.

Leah A. TOLIVER, Appellee–Plaintiff.

No. 49A05–9704–CV–123.

Court of Appeals of Indiana.

Feb. 26, 1998.

Publication Ordered May 27, 1998.

Rehearing Denied May 27, 1998.

Jon C. Abernathy, Karl G. Popowics, Goodin & Kraege, Indianapolis, for Appellants.

James F. Ludlow, Indianapolis, for Appellee–Plaintiff.

SHARPNACK, Chief Judge.

Gallant Insurance Company ("Gallant") appeals the denial of its motion to set aside the default judgment in the case of Leah Toliver against Thomas Rickelman for damages resulting from a car accident. The sole issue for our review is whether the trial court erroneously denied the motion. We reverse.

The relevant facts are undisputed. In August of 1995, Toliver was a passenger in a car that was struck by Rickelman. Mary Ann Walden, Toliver's mother and the driver of the car in which Toliver was riding, carried automobile insurance with Gallant which included uninsured motorist coverage. On August 30, 1995, attorney James Ludlow notified Gallant that he represented Toliver. Ludlow stated that he thought Rickelman was uninsured and that he would be making an uninsured motorist claim with Gallant on behalf of Toliver. Gallant responded that it had to receive further proof that Rickelman was uninsured before it would do anything with Toliver's claim.

On September 26, 1995, Toliver filed a complaint against Rickelman. Thereafter, Ludlow informed Gallant in a letter dated October 10, 1995, that he "commenced a lawsuit against Mr. Rickelman with the intent of subpoenaing him for a deposition.... Once I take Mr. Rickelman's deposition, I will then apprise you of what he states with reference to his automobile insurance." Record, p. 72. On November 14, 1995, Toliver filed a motion for default judgment on the basis that Rickelman had not appeared in the case. The trial court granted the motion and set a hearing to determine damages. After the hearing, the trial court entered a final judgment against Rickelman for $50,000.

On May 14, 1996, Gallant appeared in the case, filed a motion to intervene, and filed a motion to set aside the default judgment. On May 15, 1996, the trial court granted the motion to intervene. On October 28, 1996, Toliver responded to Gallant's motion to set aside the default judgment. The trial court later denied the motion.

The sole question for our review is whether the trial court erroneously denied Gallant's motion to set aside the default judgment. It has long been the law in this state that "[w]here a plaintiff with uninsured motorist coverage sues an uninsured motorist without naming the insurer as a party defendant, the insurer is allowed to intervene to protect its interests." *Stewart v. Walker*, 597 N.E.2d 368, 371 (Ind.Ct.App.1992), *reh'g denied*. In addition, Ind. Trial Rule 24(C) expressly recognizes the right of a party to intervene after judgment for the purposes of presenting a motion for relief from judgment under T.R. 60. To set aside a judgment, the trial court must be satisfied as to one of the reasons enumerated in T.R. 60(B), including:

"(1) mistake, surprise, or excusable neglect;

\* \* \* \* \*

(3) fraud ..., misrepresentation, or other misconduct of an adverse party[.]"

In addition to establishing one of the grounds for relief under T.R. 60(B), a party seeking to set aside a default judgment has the burden of establishing that a meritorious defense to the claim exists. *Bennett v. Andry*, 647 N.E.2d 28, 34 (Ind.Ct.App.1995). A meritorious defense is defined as enough admissible evidence to indicate that if the case were retried on the merits, a different result

would be reached and that an injustice would be foisted upon the defaulted party if the judgment were allowed to stand. *Id.* Appellate review of the refusal to set aside a default judgment is limited to determining whether there has been an abuse of discretion. *Id.* at 31.

■ Gallant contends that the motion for relief from judgment should have been granted because it established that its failure to intervene was a result of either mistake, surprise, or excusable neglect under T.R. 60(B)(1) or a misrepresentation or other misconduct by an adverse party under T.R. 60(B)(3). In support of its argument, Gallant cites two cases dealing with misrepresentations from attorneys. *See Condon v. Patel,* 459 N.E.2d 1205 (Ind.Ct.App.1984); *Carvey v. Indiana Nat'l Bank,* 176 Ind.App. 152, 374 N.E.2d 1173 (1978).

In *Condon,* the plaintiff's attorney deceived an insurance representative as to the purpose of a lawsuit. Specifically, the plaintiff's attorney said he filed suit to protect the statute of limitations and that he would allow an indefinite extension of time to answer the suit. Later, the attorney went back on his word and defaulted the defendant. On appeal, this court set aside the default because the insurance company reasonably relied on the representations of the opposing counsel. *Condon,* 459 N.E.2d at 1207.

Likewise, in *Carvey,* a default judgment was set aside because the plaintiff's attorney misrepresented the purpose of the lawsuit. *Carvey,* 374 N.E.2d at 1173. Specifically, Carvey and the plaintiff's attorney had settled a dispute between them before a suit was filed. However, several other parties were not cooperating. Therefore, the plaintiff's attorney informed Carvey that he was going to file a suit in order to pursue the uncooperative parties. The plaintiff's attorney also told Carvey that he did not need to defend the matter. Carvey relied on that representation. However, the attorney went back on his word and defaulted Carvey when Carvey failed to appear. These facts caused this court "grave concern," and we set aside the default judgment. *Id.* at 1179–1180. This court held:

"[I]n light of the substantial amount of money involved, the material issues of facts surrounding the possible release of one or more co-guarantors, the short length of the delay, and the unrefuted averments concerning questionable conduct on the part of attorneys representing Indiana National, we hold that the Trial Court abused its discretion and committed reversible error when it refused to set aside the default judgment after all facts were revealed to it."

*Id.* at 1180.

In both *Condon* and *Carvey,* this court emphasized the importance of reliable communication from attorneys. In those cases, attorneys made misrepresentations concerning the cases upon which other parties relied to their detriment. As our supreme court has stated, "[t]he reliability of lawyers' representations is an integral component of the fair and efficient administration of justice ... [t]he law should promote lawyers' care in making statements that are accurate and trustworthy and should foster the reliance upon such statements by others." *Fire Insurance Exchange v. Bell,* 643 N.E.2d 310, 312 (Ind.1994).

■ In the present case, Ludlow sent a letter to Gallant stating in part:

"I have commenced a lawsuit against Mr. Rickelman with the intent of subpoenaing him for a deposition. At this deposition, I will thus inquire as to whether or not he had liability insurance at the time of the accident. For your information, I have inclosed a file-marked copy of a Summons and Complaint which has been filed against Mr. Rickelman on Ms. Toliver's behalf. Once I take Mr. Rickelman's deposition, I will then apprise you of what he states with reference to his automobile insurance."

Record, p. 72. Relying on this representation, Gallant took no action in the case. We recognize that Ludlow's representation does not constitute an express promise not to proceed with the case before speaking to Gallant. However, the clear implication of the representation is that nothing more was going to happen with respect to Gallant until Ludlow took the deposition of Rickelman.

Although Ludlow generally would not be obligated to keep Gallant informed of the progress in the case, his representation to Gallant that he intended to depose Rickelman and that he would inform Gallant of Rickelman's insurance status created a duty to keep Gallant apprised of any change in his intentions with respect to proceeding with the case. Gallant need not establish that Ludlow intentionally mislead it, only that it was justified in assuming nothing was going to happen in the case until further notice by Ludlow. Therefore, we conclude that Gallant reasonably relied on Ludlow's representation and, therefore, satisfied the requirements of T.R. 60(B)(1) in showing excusable neglect.[1]

■ Moreover, Gallant established that it had a meritorious defense. As we previously stated, a meritorious defense is defined as enough admissible evidence to indicate that if the case were retried on the merits, a different result would be reached and that an injustice would be foisted upon the defaulted party if the judgment were allowed to stand. *Bennett*, 647 N.E.2d at 34. First, at the time of the damages hearing on December 1, 1995, the evidence presented established that Toliver's medical expenses totaled $610.25. Nonetheless, the trial court awarded damages of $50,000. As such, Gallant raises a reasonable defense of challenging the evidence to support the damages award. In addition, the evidence in the record indicates that Toliver did not again seek medical treatment for injuries sustained in the accident until May 23, 1996, some nine months after the accident. In fact, Dr. Don Jardine, an orthopaedist, stated that Toliver "apparently is quite intent upon her studies and schooling and has postponed any evaluation and care for this back pain for fear of losing time in school." Record, p. 181. This gap in seeking treatment raises a legitimate question as to whether Toliver failed to mitigate her damages by failing to seek treatment. Indiana Code § 34-4-33-3 provides that any fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages. Fault, as outlined in I.C. § 34-4-33-2, includes a claimant's unreasonable failure to mitigate her damages. Therefore, given the difference in the medical expenses presented and the judgment received, along with Toliver's apparent failure to mitigate her damages, Gallant has presented a meritorious defense to support its motion to set aside the default judgment. *See Bennett*, 647 N.E.2d at 34.

■ In sum, we recognize that generally a party who intervenes after the judgment is bound by the judgment and is not permitted to relitigate matters already determined in the case. *See Panos v. Perchez*, 546 N.E.2d 1253, 1254–1255 (Ind.Ct.App.1989). However, in this case, Gallant established that it was entitled to relief from the judgment because of excusable neglect and a meritorious defense.[2] Therefore, the trial court abused its discretion in denying Gallant's motion to set aside the default judgment. *See Bennett*, 647 N.E.2d at 34. Accordingly, we reverse the judgment of the trial court.

Reversed.

RUCKER, J., concurs.

BARTEAU, J., dissents with opinion.

BARTEAU, Judge, dissenting.

Gallant was fully aware that a lawsuit had been filed by its insured against Rickelman, which judgment would be binding upon Gallant should Rickelman be uninsured. Gal-

---

1. Because we conclude that Gallant established it was entitled to relief from the default judgment under T.R. 60(B)(1), we need not address whether it also satisfied T.R. 60(B)(3).

2. Toliver maintains that Gallant is bound by the judgment obtained against Rickelman because it did not intervene before the judgment. In support of her position, Toliver relies upon *Bennett v. Andry*, 647 N.E.2d 28 (Ind.Ct.App.1995) and *Stewart v. Walker*, 597 N.E.2d 368 (Ind.Ct.App. 1992). Although this court concluded that the motions to set aside the default judgments in those cases should not be granted, they are not dispositive of the issue before us today. In those cases, this court decided that the parties seeking relief from judgment had failed to satisfy the requirements of T.R. 60(B). Because the parties were not entitled to relief from judgment, it necessarily followed that they were bound by the judgment entered before they intervened. Here, we find that Gallant intervened and is entitled to relief from judgment. As a result, Gallant is entitled to relitigate some of the issues, such as damages, as an original party to the suit.

lant's "neglect" in failing to intervene was not "excusable" under the *Condon* and *Carvey* standards, and the trial court properly denied Gallant's motion to set aside the default judgment. For that reason, I dissent from the majority decision setting aside the default judgment.

In the *Condon* and *Carvey* decisions upon which Gallant and the majority rely, the plaintiffs' attorneys made affirmative misrepresentations which caused the defaulted parties to refrain from defending themselves in the action. In *Carvey*, for example, the plaintiffs attorney indicated he was filing suit only to pursue parties other than the defaulted party, who had already settled with the plaintiff. The defaulted party was told he did not need to defend. In *Condon*, the plaintiffs attorney represented in August that he was filing suit only to satisfy the statute of limitations, and that he would allow the defaulted party an indefinite extension of time for pleading. The defaulted party talked to, or left telephone messages with, the plaintiff's attorney periodically through November of the following year. In a conversation that May, a secretary to the plaintiff's attorney represented that after another suit was resolved in about two weeks, "they will work on getting this suit resolved." 459 N.E.2d at 1206. But on June 17, a motion for default judgment was filed.

No such affirmative representation which would lead a party to refrain from becoming involved in a lawsuit was made by Toliver. To the contrary, Toliver's counsel notified Gallant at least twice that he believed Rickelman was uninsured, thus implicating Gallant's interests, and he indicated to Gallant why he believed Rickelman to be uninsured. He so informed Gallant about a month before he filed suit, and again about two weeks after he filed suit. Gallant's response was that it would not act on the claim until it received proof that Rickelman was uninsured—proof which Toliver's counsel had informed Gallant it had been unable to obtain, but hoped could be obtained in the course of the lawsuit.

So, Gallant, a presumably sophisticated litigant, had notice that a lawsuit was likely to be filed, and received notice, along with a copy of the complaint, soon after one was filed. Yet, it declined to intervene to protect its interests until after a judgment had been entered.

An insurer who chooses not to intervene in an action of this nature is bound by a judgment against the uninsured motorist if it has notice of the "filing and pendency" of the complaint. *Stewart v. Walker*, 597 N.E.2d 368, 372 (Ind.Ct.App.1992). Gallant had ample notice of the "filing and pendency" of Toliver's complaint:

> In this context, receiving a copy of the complaint filed by its insured against a purportedly uninsured motorist, early enough to allow intervention, suffices to inform the insurer that its interests may be in jeopardy, and therefore providing an instigation for it, as expressed by the court below, to "come out of the woodwork" and enter its appearance in the trial court.... Conversely, an insurer that does not intervene runs the risk that the plaintiff will obtain a judgment, that the defendant will prove to be judgment proof, and that the plaintiff will seek satisfaction from the insurer.

*Id.*

The decision whether to set aside a default judgment is within the sound discretion of the trial court, and we should reverse its decision only if the trial court has abused its discretion. Such an abuse of discretion should be found only when the trial court's action is clearly against the logic and effect of the circumstances. *Sears v. Blubaugh*, 613 N.E.2d 468 (Ind.Ct.App.1993). The trial court was well within its discretion to deny Gallant's motion to set aside the default judgment in this lawsuit; Gallant was notified in a timely manner that the lawsuit had been filed, it was aware of the progress of the lawsuit, and it was aware of its potential interest in the outcome of the lawsuit, but it declined to intervene until after judgment.

I would affirm the trial court.