**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Aug 25 2014, 9:03 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SCOTT RICHARDSON**
Office of Scott Richardson
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HOLLY RICHARDSON, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1403-SC-109 |
| | ) | |
| MED-1 SOLUTIONS, LLC, as Agent for | ) | |
| DEACONESS HOSPITAL, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Jeffrey T. Shoulders, Judge
Cause No. 82D06-0809-SC-8104

**August 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Holly Richardson ("Richardson") appeals the denial of her motion to correct error, which challenged the denial of her "Emergency Motion to Continue or in the Alternative Motion to Set Aside Judgment." (App. 22.) We affirm.

**Issue**

Richardson presents the issue of whether the denial was an abuse of discretion.

**Facts and Procedural History**

On September 19, 2008, Med-1 Solutions, LLC ("Med-1") filed a complaint against Richardson in the small claims court of Vanderburgh County. On December 8, 2008, Scott Richardson ("Attorney Richardson") filed an appearance as Richardson's defense attorney. An Alias Claim was filed on August 6, 2012. Personal service was achieved on October 25, 2012.

On December 21, 2012, a default judgment was entered against Richardson in the amount of $2,699.34. Med-1 initiated proceedings supplemental and, on March 13, 2013, the small claims court entered its "Default Order of Garnishment." (App. 10.)[1] On May 6, 2013, Richardson filed a "Motion to Set Aside Judgment and Emergency Motion to Stay Garnishment Order." (App. 11.)

On May 7, 2013, an entry in the Chronological Case Summary was made, indicating that counsel for both parties had agreed to a temporary stay of the garnishment, but the court

---

[1] Although attempted service on Richardson during proceedings supplemental resulted in a return with the notation "unclaimed," service was achieved upon Richardson's employer, Tell City Schools, and an order of garnishment ensued. (App. 10.)

had been unable to contact Attorney Richardson. The court set for hearing the motion to set aside. In July of 2013, Attorney Richardson filed a motion for a continuance; counsel for Med-1 had no objection. During the following month, Attorney Richardson again requested a continuance; this request was denied.

The court's entry of August 27, 2013 provides:

Deft's counsel contacts the court by phone this date prior to the hearing and advises the court he is in Florida & unable to attend this dates hearing; counsel requests electronic or telephonic hearing; counsel's request is denied.

Pltf's counsel appears and strenuously objects to counsel's request for continuance; given the circumstances, the court grants counsel's request for continuance over the objection of Pltf's counsel; however, Deft's counsel is advised there will be no further continuances, and the next hearing scheduled will go on with or without counsel being present; Deft's counsel is advised if Motion to Set Aside Default Judgment is denied, Pltf's garnishment order will be reinstated without further notification. Deft's counsel did not have his calendar available, and advises the court he would contact the court on 08-28-13 to reset this matter.

(App. 12.) On August 29, 2013, the court noted that Attorney Richardson had not called the court on the prior day as agreed, and the matter was set for hearing on September 23, 2013.

Local counsel David Shaw ("Shaw") appeared at the hearing on Richardson's behalf and the matter was rescheduled for October 18, 2013. On that date, the court set aside the default judgment and set the matter for trial on January 8, 2014. Shaw filed a notice of withdrawal of his appearance, advising that "Scott Richardson has informed David M Shaw that he will again assume primary authority hence forth." (App. 14.)

On December 26, 2013, Richardson filed a third-party complaint against Anthem Blue Cross, a motion for leave to conduct discovery, and a motion for a continuance. The motion

for a continuance was denied, and the small claims court "affirmed" the trial date of January 8, 2014. (App. 15.)

On January 8, 2014, Attorney Richardson faxed a letter to the Vanderburgh County Clerk, stating:

> Please be advised that due to weather conditions in Indianapolis, I am unable to attend the hearing as scheduled today.
>
> I contacted the Court in an attempt to file an Emergency Motion by Fax and was advised you do not allow Fax filings. Therefore, I left word with the Court staff of the weather related travel issue and advised I would file this motion by overnight mail.
>
> I was then transferred to the Vanderburgh County Clerk, who indicated they would deliver a copy of this fax to the Court.

(App. 25.) On that same date, the small claims court credited Richardson with past payments and entered a default judgment against her in the amount of $1,551.50.

Richardson's "Emergency Motion to Continue or in the Alternative Motion to Set Aside Judgment" was filed on January 13, 2014.[2] (App. 22.) On January 14, 2014, the trial court denied the motion. On February 10, 2014, Richardson filed a motion to correct error. On the following day, the motion was summarily denied. This appeal ensued.

### Discussion and Decision

At the outset, we note that Med-1 has not filed an appellee's brief. When the appellee fails to submit a brief, we need not undertake the appellee's burden of responding to arguments that are advanced for reversal by the appellant. Hamiter v. Torrence, 717 N.E.2d 1249, 1252 (Ind. Ct. App. 1999). Rather, we may reverse the trial court if the appellant

---

[2] According to Attorney Richardson, the document was sent, via an overnight mail service, on January 8, 2014, and was delivered on January 10, 2014.

4

makes a prima facie case of error. Id. "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." Id. Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. Mikel v. Johnston, 907 N.E.2d 547, 550 n.3 (Ind. Ct. App. 2009).

Generally, we review a trial court's ruling on a motion to correct error for an abuse of discretion. City of Indianapolis v. Hicks, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), trans. denied. However, to the extent the issues raised on appeal are purely questions of law, our review is de novo. Id.

Richardson's motion to correct error challenged the denial of her "Emergency Motion to Continue or in the Alternative Motion to Set Aside Judgment." (App. 22.) Indiana Small Claims Rule 10(B) provides in relevant part: "If the defendant fails to appear at the time and place specified in the notice of claim, or for any continuance thereof, the court may enter a default judgment against him." One who seeks to set aside a default judgment is subject to section 10(C), which provides in part: "Upon good cause shown the court may, within one year after entering default judgment, vacate such judgment and reschedule the hearing of the original claim."

The party moving to set aside the judgment has the burden to establish grounds for relief, i.e., "good cause." KOA Props., LLC v. Matheison, 984 N.E.2d 1255, 1258 (Ind. Ct. App. 2013), trans. denied. In order to obtain relief, the movant must ordinarily establish a factual basis for relief and a meritorious defense. Id. (citing Sears v. Blubaugh, 613 N.E.2d 468 (Ind. Ct. App. 1993)). The movant may also meet its burden by showing that the default

judgment should not have been entered in the first place. Id. "Ultimately, the court's decision whether to set aside the default judgment is reviewed for an abuse of discretion, which will be found only where the court's action was clearly against the logic and effect of the circumstances or the court misinterprets the law." Id.

In the motion to set aside the default judgment, Richardson "move[d] the Court to Set Aside the Judgment for the weather related reasons stated above and to allow the matter to be heard on its merits." (App. 23.) She did not assert that she had a meritorious defense to the underlying claim.[3] Rather, the crux of Richardson's motion is her claimed entitlement to a continuance of the January 8, 2014 hearing because non-emergency travel had been prohibited in Marion County for the two preceding days and remained very difficult on the day in question.

Indiana Small Claims Rule 9 governs continuances, and provides that either party may be granted a continuance for good cause shown. Moreover, "[e]xcept in unusual circumstances no party shall be allowed more than one (1) continuance in any case, and all continuances must have the specific approval of the court. S.C.R. 9(A). We review the small claims court's ruling on a motion for a continuance for an abuse of discretion. Multivest Props. v. Hughes, 671 N.E.2d 199, 201 (Ind. Ct. App. 1996). "[U]navoidable absence of a party is good cause for a continuance." Id.

Richardson's counsel, Attorney Richardson, strenuously argues that his absence on January 8, 2014 was unavoidable. He has made unchallenged factual representations that his

---

[3] Without elaboration, Richardson advised the court that she had filed a Third Party Complaint. This third-party complaint was dismissed by stipulation, as it was untimely under the contract for insurance.

6

travel from Marion County to Vanderburgh County on that date was impeded by extreme weather conditions in Marion County and the delayed accessibility of his vehicle from a repair shop.  Nonetheless, given the history of multiple continuances and the posture of the case, we cannot say that the trial court abused its discretion.  In particular, because Richardson alleged no meritorious defense, the denial of the emergency motion for a continuance was not prejudicial.  See Ind. Trial Rule 61 (providing that we will disregard error or defect in the proceeding which does not affect the substantial rights of the parties).

**Conclusion**

Richardson has not demonstrated an abuse of discretion in the trial court's denial of her "Emergency Motion to Continue or in the Alternative Motion to Set Aside Judgment." (App. 22.)

Affirmed.

NAJAM, J., and PYLE, J., concur.