# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**CLAY W. HAVILL**
Evansville, Indiana



FILED

Nov 21 2014, 8:19 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DESTINATION YACHTS, INC., and SHELDON GRABER, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 14A01-1404-SC-188 |
| | ) | |
| JIM R. FINE, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DAVIESS CIRCUIT COURT
The Honorable Lynne E. Ellis, Special Judge
Cause No. 14C01-1305-SC-128

**November 21, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Destination Yachts, Inc., ("Destination") and Sheldon Graber[1] appeal the entry of judgment in favor of Jim R. Fine. Although they raise two issues, we find one dispositive: Whether the trial court abused its discretion by denying Destination's and Graber's request for a continuance and entering judgment in favor of Fine because Destination was not represented by counsel. Finding the trial court abused its discretion, we reverse and remand for further proceedings.[2]

## FACTS AND PROCEDURAL HISTORY

Fine purchased a houseboat from Destination. On May 23, 2013, Fine filed a small claims action in Daviess Circuit Court, against "Sheldon Graber – President c/o Destination Yachts," (App. at 7), claiming "warranty work not completed – my Destination Yacht was delivered Dec. 2006, within 15 months of delivery the roof develop blisters & delamination. Repeated requests by Sheldon to 'repair or replace' have not happened." (*Id.*) Fine did not attach a Purchase Agreement or warranty document to the Statement of Claim.

The first hearing date was scheduled for June 25, 2013. Fine filed a motion for continuance, which was granted, and the first hearing date was reset for September 3. The seated trial judge recused himself, and Judge Lynn E. Ellis was appointed as special judge. Judge Ellis accepted the appointment as special judge on September 9, 2013.

On September 12, Fine filed an Amended Notice of Claim adding Destination as a

---

[1] The trial court's judgment indicates the defendant is "Destination Yachts, Inc., by Sheldon Graber." (App. at 11.) However, Destination and Graber are separate parties and thus it is unclear against whom the judgment was entered.

[2] The second issue was whether the trial court erred in entering a judgment not supported by evidence in the record. Since a full hearing will be held on remand, we need not address this issue.

defendant, and the court set a hearing on the Notice of Claim for November 18. On November 18, Fine appeared in person, and Graber appeared in person without counsel, on behalf of himself and Destination. At that hearing, the following colloquy took place:

> THE COURT: . . . We have Small Claims Trial Rule 8(c)(3), corporate entities, limited liability companies, limited liability partnerships. All corporate entities, limited liability companies are [sic] companies and limited liability partnerships may appear by a designated full time employ [sic] of the corporate entity in the presentation or defense of claims arising out of the business if the claim does not exceed One Thousand Five Hundred Dollars ($1,500.00) However, claims exceeding One Thousand Five Hundred Dollars ($1,500.00) must be defended or presented by counsel.
>
> MR. GRABER: Okay. I mean I'm playing dumb but how would I have known that before? . . . I just, I, I mean when I called my legal counsel I explained to him the situation, I explained to him the amount and he said Sheldon you just need to go present. He said there is no need for me to be there. And I would have, I am. We are where we are if that's . . . what do we do at this point?
>
> COURT: Well, Mr. Fine, uh, it is my understanding you came in from out of town, is that correct?
>
> FINE: Las Vegas, Nevada, Yes ma'am, about two thousand (2,000) miles.
>
> COURT: Okay. I, I guess, Mr. Graber, are you disputing the claim?
>
> GRABER: Yes ma'am.
>
> COURT: Well, Mr. Fine; if you want to waive the requirement for legal counsel for him because you have come so far, although there is not a [sic] opportunity to do that in the Trial Rules, I would be willing to make an exception because of your travel. But if you don't wish to waive then we will have to reschedule.
>
> FINE: No ma'am, I don't wish to waive. . . . Uh, this was filed originally, uh, Jim Fine vs Sheldon Graber, under the advise [sic] of counsel I was told that I needed to amend it by Jim Fine for, uh, Destination Yachts, Inc. And the reason I was told by counsel is going against Sheldon Graber, since my contract is in the name of Destination Yachts, the case could be dismissed. Okay? . . . Item 3 states that a corporation must be represented by counsel. Mr. Graber was properly served so again my suggestion is do I want to come back now, I would suggest, if possible, rule with [sic] my favor and let's go on with our day.
>
> THE COURT: Well your claim is for Six Thousand Dollars ($6,000.00) plus materials.

3

MR. FINE:    Yes, ma'am.

THE COURT:        And the small claims is a maximum of Six Thousand Dollars ($6,000.00).

MR. FINE:    Yes, ma'am

THE COURT:        Did you get a copy of the claim, Mr. Graber

MR. GRABER:        Yes, I did.

COURT:        Paragraph three states you are not required to have a lawyer now nor or [sic] you required to have one when your case comes to trial unless you are a corporation.

GRABER:        Right, I did not read that properly ma'am.  The materials would be in the sum of somewhere around Fifteen Hundred ($1,500.00) to Two Thousand ($2,000.00).

COURT:        Well, yeah, but the claim is for Six Thousand Dollars ($6,000.00).

GRABER:        I understand.  But he is asking plus materials. . . . Uh, I feel, well we both set out here prior to court, I mean may I . . . I don't know anything about this, may I discuss or. . .

COURT:        Sure. I've got a gentleman who came two thousand (2,000) miles and he wants . . . me to rule against you . . . so I will give you an opportunity to say your piece.

GRABER:        Here is basically where we are at.  Uh, we sold Mr. Fine the boat.  We tried to work out, the roof situation is the only thing that is identified on this claim, okay?  It was identified March 6, 2011 . . .

COURT:        Okay. We are not going to get into the specifics of the . . . Are you interested in, in, uh, resolving the issue?

GRABER:        I'm interested.  I just, the boat was well out of warranty.  We offered to go above and beyond what our warranty documents say and he wanted more.  So we offered to do more, we continue to offer, we still today offer to do well more than what our warranty is.  And, and we've tried to resolve that but, uh, I mean I didn't realize that I had to have an attorney.  I did not read that.  I made one phone call to my counsel and said, you know, here is what it is, here's where we stand, he said Sheldon you don't need me to drive up there from Evansville for small claims court.  Now if he didn't understand the amount, I don't know what it was, why he advised me of that.  Uh, but truthfully I didn't think I needed an attorney to resolve this because I thought it was clear and cut, uh, as my attorney did.  So, uh, I mean I don't, I have all kinds of stuff to show you, if I can show you, but I understand the law is a law.  Uh . . .

COURT:        And he is not waiving that requirement . . . that you have legal counsel.

* * * *

FINE:        I thought, I thought we are not getting into specifics?

4

COURT: We're not, we're not going to if you want to go ahead and have, and present evidence today and stuff we can do that.

FINE: No, I come [sic] two thousand (2,000) miles to confront this man in court and he didn't take it seriously enough to bring counsel. I just want the court and Mr. Graber to realize that this is not something that is old and out of, out of warranty.

(Tr. at 7-12.)

The trial court took a five minute recess and suggested Mr. Graber call his counsel to see if he could attend. After that recess, the following occurred:

COURT: What did your legal counsel say?

GRABER: Well there is confusion on what this is. If you read this it says the plaintiff filed an amendment adding Destination Yachts which did not take off Sheldon Graber. So to read this it is still under Sheldon Graber and now, Destination Yachts. Is that, I mean . . .

COURT: No, he amended his complaint to name Destination Yachts, Inc., Sheldon Graber so . . . your corporation, uh, is named in the . . . amended complaint.

GRABER: Well I mean all, all we can do is tell you that it was a misunderstood [sic] of what we did or what we understood because when it originally come [sic] through it was Sheldon Graber, understand the amendments. I do, there is no way he can get here in a timely manner to make it worthwhile to you uh, and that we would ask to get it rescheduled and/or, uh, defend what we have in front of us today. I mean. . .

COURT: Okay. . . . [I]t is appropriate to enter judgment against the corporation in the amount of Six Thousand Dollars ($6,000.00). . . . Uh, so that is what I am going to do . . . .

(*Id.* at 12-13.)

At that point, the trial court verbally entered judgment against Destination in the amount of $6,000.00, which began accruing 8% interest at the time of entry of the judgment.[3]

---

[3] In addition to the fact the trial court's written ORDER FOLLOWING HEARING AND ENTRY OF JUDGMENT does not indicate against which defendant the judgment was entered, the Order also states that a testimony was heard. From a review of the transcript, that did not occur. While Graber and Fine were sworn in, the court, and at various times the parties, refused to get "into specifics." (Tr. at 11.)

Destination and Graber filed a Verified Motion to Correct Error. Fine requested a Contempt Citation and Motion for Proceeding Supplemental. In the meantime, Fine also filed two more Statements of Claims against Destination in the Daviess Circuit Court. Destination and Graber filed a Motion to Consolidate those two actions with the instant action, and the trial court heard all pending motions on March 20, 2014. After a hearing at which counsel appeared on behalf of Destination and Graber, the trial court dismissed the other actions as res judicata, denied Destination's and Graber's Motion to Correct Error, and this appeal ensued.

## DISCUSSION AND DECISION

We first note Fine did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id.* *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

Regarding our standard of review of a denial of a motion for continuance, this Court has explained, "[i]f good cause is shown for granting the motion, denial of a continuance will be deemed to be an abuse of discretion." *Evans v. Thomas*, 976 N.E.2d 125, 127 (Ind. Ct. App. 2012) (*quoting Hess v. Hess*, 679 N.E.2d 153, 154 (Ind. Ct. App. 1997)), *trans. denied* 982 N.E.2d 298 (Ind. 2013); *see also* Ind. Small Claims Rule 9(A) (stating "[e]ach party may be granted a continuance for good cause shown"). An abuse of discretion exists "when a

6

decision is clearly against the logic and effect of the facts and circumstances before the court or where the record demonstrates prejudice to the defendant from a denial of the continuance." *Gingerich v. State*, 979 N.E.2d 694, 702 (Ind. Ct. App. 2012), *trans. denied* 984 N.E.2d 221 (Ind. 2013).

> [A]mong the things to be considered on appeal from the denial of a motion for continuance, we must consider whether the denial of a continuance resulted in the deprivation of counsel at a crucial stage in the proceedings. We must also consider whether a delay would have prejudiced the opposing party to an extent sufficient to justify denial of the continuance.

*Evans,* 976 N.E.2d at 127.

Destination and Graber refer to the court's judgment that was entered as a default judgment. "A default judgment has been defined as a confession of the complaint and it is rendered without a trial of any issue of law or fact." *Davis v. Davis*, 413 N.E.2d 993, 996-97 (Ind. Ct. App. 1980), *reh'g denied*. In this case, the record does not reflect that any evidence was taken. Rather, the record makes clear the only reason judgment was entered against Destination was that Destination appeared without counsel. Indiana Small Claims Rule 8(C)(3) provides that claims by or against a corporate entity that exceed $1,500.00 must be defended or presented by counsel. However, that rule is silent with respect to how a trial court should proceed when a corporation appears without counsel. Because that rule provides no guidance, we turn to case law.

In *Yogi Bear Membership Corp. v. Stalnaker*, 571 N.E.2d 331, 332 (Ind. Ct. App. 1991), plaintiff-corporation Yogi Bear filed a small claims action but failed to retain counsel by trial. The trial court held a hearing and awarded judgment in favor of Yogi Bear. Our

7

court reversed the judgment for failure to comply with Small Claims Rule 8(C), stating "[o]n remand, if [Yogi Bear] fails to retain counsel, then the court should dismiss the cause." *Id.* at 334. Essentially, we gave Yogi Bear the opportunity to correct its mistake on remand and obtain counsel.

In *Christian Bus. Phone Book, Inc. v. Indianapolis Jewish Cmty. Relations Council*, 576 N.E.2d 1276, 1277 (Ind. Ct. App. 1991), Christian Phone Book, *pro se*, filed an action that required representation by an attorney.[4] The trial court dismissed the complaint and we reversed, stating: "We cannot support such a terminal result here. Dismissal is a remedy which is not favored in this state because 'in our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied.'" *Id.* (*quoting Fulton v. Van Slyke*, 447 N.E.2d 628, 634-35 (Ind. Ct. App. 1982), *reh'g denied*). Further, we held "the corporate litigant must be given a fair opportunity to correct its error and retain competent counsel before dismissal would be appropriate." *Id.*

In another small claims case, the trial court issued a default judgment against Sears for attempting to appear through one of its employees, rather than appearing by and through counsel. *Sears v. Blubaugh*, 613 N.E.2d 468, 469 (Ind. Ct. App. 1993), *trans. denied* (Ind. 1993). When the employee learned counsel should have appeared, he asked the court for a continuance to obtain counsel. The trial court, instead, issued a default judgment in favor of the plaintiff. *Id.* On appeal, we reversed the trial court and held "Sears should have been

---

[4] This requirement was imposed by Ind. Code § 34-1-60-1, which required certain corporations to appear by counsel in all cases. That statute has since been repealed.

given an opportunity to rectify its error." *Id.* at 471.

The only material difference between *Sears* and the instant case is the summons instructed Sears that it did not need an attorney to represent it. Here, the Statement of Claim states: "You are not required to have a lawyer, now, nor are you required to have one when your case comes to trial, unless you are a corporation." (App. at 7.) However, in this case, Fine amended his Statement of Claim which initially just sued Graber, to add the corporation, Destination, at a later time. At the hearing, Graber was clearly confused about whether he needed an attorney, and when he related to the court his counsel had told him he did not need an attorney, it is unclear whether counsel had been referring to the original Statement of Claim or the Amended Statement of Claim.

We believe under these facts, and under our standard of review in this case of *prima facie* error, the denial of a motion to continue was an abuse of discretion. We are aware that Fine travelled from Las Vegas for the hearing and that returning at a later date may have inconvenienced him.[5] However, inconvenience is not a reason to justify the denial of a continuance where the basic rights of representation and defense against a claim are at issue. As a result, we reverse and remand to the trial court for further proceedings.

Reversed and remanded.

VAIDIK, C.J., and FRIEDLANDER, J., concur.

---

[5] The CCS indicates that Fine appeared in person again at the hearing on the Motion to Correct Errors which was held on March 30, 2014. If Fine could return for that hearing, there is no reason to believe he could not return for a trial at a time when Destination was given an opportunity to appear with counsel.

9