James **BEDREE** and Virginia Bedree,
d/b/a Bedree Cleaners and Bedree Dry
Cleaners and Bedree Dry Cleaners Inc.,
Defendants-Appellants,

v.

Marilyn **LARSON**, Plaintiff-Appellee.

No. PS 400.

Court of Appeals of Indiana,
Third District.

July 5, 1979.

James Bedree, pro se.

James L. Larson, Fort Wayne, for plaintiff-appellee.

GARRARD, Presiding Judge.

Larson brought this action in the Small Claims Division of the Allen Superior Court against the Bedrees, who operated a dry cleaning business. Larson alleged damage to a dress she had left to be cleaned. A jury awarded her $150 damages. Both at trial and on appeal Bedrees elected to proceed *pro se*.

Bedrees have failed to present us with an appeal that is susceptible of meaningful review. Their argument appears to proceed upon three premises: (1) that since they elected to represent themselves it was unfair that the plaintiff was represented by counsel; (2) that the jury should not have believed plaintiff's version of the facts; and (3) that after the trial was over they discovered evidence which might have produced a different result.

Throughout their brief Bedrees characterize the Small Claims Division as one designed to operate as a "people's court." For this reason, and despite the fact that we harbour small illusion about our ability to influence future litigation in such courts, we have elected to publish this opinion.

It is true that the "small claims docket" accorded our county courts and certain circuit and superior courts is designed to provide a speedy and inexpensive forum for the determination of small claims. One of the premises upon which such "dockets" are based is the non-necessity of being represented by counsel. Another is that the judgment will be accepted as a final determination rather than submitted to the appellate process.

 These premises do *not* mean, however, that a party should forfeit either right to counsel or right to appeal.

 Thus, if one elects to be represented by counsel he is entitled to the benefit of his attorney's expertise. More significantly for purposes of this opinion, if one of the parties elects to exercise his right of appeal, he must then accept the rules of the Supreme Court and Court of Appeals for the submission and determination of appeals.

That the brief before us contains no citation to legal authority as required by Indiana Rules of Procedure, Appellate Rule 8.3(A)(7) is the least of its failings. Most of the attempted argument is indiscernable.

 To the extent Bedrees attempt to argue newly discovered evidence they fail since it appears that the evidence was available for the original trial or, at least, could have been had they exercised reasonable diligence.

 They attempt to argue that we should reweigh the evidence and reach a different conclusion than did the jury. This we may not do. *Fiat Distributors, Inc. v. Hidbrader* (1978), Ind.App., 381 N.E.2d 1069.

 If their brief attempts to argue other errors they must be deemed waived for failure to present cogent argument. AP

8.3(A)(7). As our Supreme Court recently stated in *Owen v. State* (1978), Ind., 381 N.E.2d 1235, 1239,

"Thus, the same standards for drafting of motions to correct errors and appellate briefs apply to pro se appellants as they do to others, and errors are waived if such rules are not complied with. *See generally Guardiola v. State* (1978), Ind., 375 N.E.2d 1105. We cannot become advocates for the appellant, and we will not review arguments that are poorly developed, wholly undeveloped, or improperly expressed. *See State v. Harrison* (Mo. App.1976), 539 S.W.2d 119."

Affirmed.

HOFFMAN and STATON, JJ., concur.