Jim WOOD, Appellant (Plaintiff Below),

v.

ZEIGLER BUILDING MATERIALS, INC., Appellee (Defendant Below).

No. 1–1281A353.

Court of Appeals of Indiana, First District.

June 28, 1982.

Ronald L. Wilson, Badell Law Office, Rushville, for appellant.

Larry L. Eaton, Eaton & Taylor, Versailles, for appellee.

ROBERTSON, Judge.

Jim Wood, appellant-plaintiff, appeals the trial courts dismissal of his small claims action for damages of $750.00 against Zeigler Building Materials, Inc., defendant-appellee. The dismissal was granted, on Zeigler's motion, on the grounds that Wood had failed to petition to have the case reopened within one year after it was originally dismissed.

We reverse and remand.

On November 11, 1979, Wood filed his original claim for damages, $750.00, against Zeigler in small claims court. A hearing was held on December 3, 1979, and the plaintiff presented evidence.

At the plaintiff's request, the hearing was continued until January 21, 1980. On the latter date, neither the plaintiff nor his attorney appeared. The trial court dismissed Wood's complaint *sua sponte* on January 22, 1980.

On February 17, 1981, Wood filed the complaint for damages of $750.00, which is the subject of this appeal. The complaint was set for a hearing on March 16, 1981. On February 26, 1981, Zeigler filed a motion to dismiss Wood's second complaint on the grounds that judgment had already been entered on the claim on January 22, 1980. The motion was granted. During argument on the motion, the trial judge noted that Wood's time for reopening the case had expired on January 21 or 20, 1981, one year after the original complaint was dismissed.

On appeal, Wood argues that Ind. Rules of Procedure, Small Claim Rule 10(A), applies to dismissal of a complaint for failure to appear, when there has been no prior failure to appear and no counterclaim is being litigated. S.C. 10 reads:

## DISMISSAL AND DEFAULT

(A) DISMISSAL. If the plaintiff fails to appear at the time and place specified for the trial, or for any continuance thereof, the court may dismiss the action without prejudice. If a counterclaim has been filed the court may grant judgment for the defendant after first making an inquiry similar to that required by S.C. 10(B) in the case of default judgments. If the claim is refiled and the plaintiff again fails to appear such claim may be dismissed with prejudice.

(B) DEFAULT. If the defendant fails to appear at the time and place specified for the trial, or for any continuance thereof, the court may enter a default judgment against him. Before default judgment is entered, the court shall examine the notice of claim and return thereof and make inquiry, under oath, of those present so as to assure the court that:

(1) Service of notice of claim was had under such circumstances as to establish a reasonable probability that the defendant received such notice.

(2) Within the knowledge of those present, the defendant is not under legal disability and has sufficient understanding to realize the nature and effect of the notice of claim.

(3) The plaintiff has a prima facie case. After such assurance, the court may render default judgment and, upon entering such judgment, shall assess court costs against the defendant.

(C) SETTING ASIDE DEFAULT. Upon good cause shown the court may, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim. Following the expiration of one

year, the judgment debtor may seek a reversal of the original judgment only upon the filing of an independent action, as provided in Ind.R.Tr.P. 60(B).

Wood essentially concludes that the S.C. 10(A) contains no provision for a one year limitation on refiling claims which were dismissed without prejudice after the plaintiff has once failed to appear.

Zeigler's response is that the dismissal of Wood's original complaint on January 22, 1980, was a judgment or final order which would have to have been set aside within one year pursuant to Ind. Rules of Procedure, S.C. 10(C) and Trial Rule 60(B). Zeigler also argues that it would violate the intent of the Small Claim Rules to facilitate expeditious resolution of legal disputes if Wood is allowed over one year to refile the originally dismissed complaint.

S.C. 10(A) is quite specific. The rule authorizes dismissal without prejudice when a plaintiff has once failed to appear for a hearing. Dismissal with prejudice is only contemplated when the plaintiff again fails to appear after the claim has been refiled. The only departure from this approach occurs when a counterclaim is also pending. Then the trial court may enter judgment for the defendant on his counterclaim, after making an inquiry about the propriety and effectiveness of notice as required by S.C. 10(B) for default judgment. There is no time limitation on refiling a claim dismissed under S.C. 10(A) in the small claims rules.

Zeigler's approach essentially treats a S.C. 10(A) dismissal the same as a default judgment under S.C. 10(B) and applies S.C. 10(C). S.C. 10(C) does contain a one year limit for challenging a trial court's judgment and also refers to T.R. 60(B) as an alternative remedy.

This approach is not persuasive. S.C. 10(B) refers to defendants who fail to appear, not plaintiffs as in S.C. 10(A), and resulting default judgments. S.C. 10(C) refers to relief from default judgments, not dismissals.

■ The record does not disclose that Wood ever failed to appear for a hearing

prior to January 21, 1980, nor does it disclose that Zeigler presented a counterclaim. Therefore, the trial court was only authorized to dismiss the complaint without prejudice for Wood's failure to appear. A claim dismissed without prejudice is not subject to a one year limitation on refiling nor is a claim dismissed without prejudice a judgment in the sense the word was used in Zeigler's motion to dismiss. A dismissal without prejudice is not a determination of the merits of a complaint and does not bar a later trial of the issues. *Peterson v. Culver Educational Foundation*, (1979) Ind.App., 402 N.E.2d 448; *See, Midway Ford Truck Ctr. Inc. v. Gilmore*, (1981) Ind.App. 415 N.E.2d 134. Therefore, the judgment of the court below is reversed and this cause is remanded to that court for further action consistent with this opinion.

Judgment reversed and case remanded.

RATLIFF, P. J., and NEAL, J., concur.