Leroy **POTTS**, d/b/a Town & Country Mobile Homes, Defendant-Appellant,

v.

Saturnino **CASTILLO**, Jody Castillo, Plaintiffs-Appellees.

No. 3–483A94.

Court of Appeals of Indiana, Third District.

March 20, 1984.

James R. Byron, Elkhart, for defendant-appellant.

Wilmer L. McLaughlin, Goshen, for plaintiffs-appellees.

GARRARD, Judge.

On July 31, 1982 Saturnino Castillo and Jody Castillo ("the Castillos") filed a small claim in the Elkhart County Court, Goshen Division, against Leroy Potts, d/b/a Town & Country Mobile Homes ("Potts"). The claim concerned a mobile home sold to the Castillos by Potts and the responsibility for damage allegedly caused to the mobile home by frozen water pipes. The hearing on the claim was set for August 30, 1982.

Potts acknowledged receipt of the notice of claim and on August 20, 1982 sent one of his employees, Dale Schultz, to the court to file a counterclaim for services rendered in repairing the mobile home.

On August 30, 1982 the Castillos and their attorney appeared in court to present their claim but Potts failed to appear. After presentation by the Castillos of a prima facie case,[1] the trial judge entered a default judgment against Potts and Potts' counterclaim was dismissed pursuant to S.C. 10(A).[2]

Potts' motion to set aside the default judgment was timely filed but was denied by the court at a hearing held on November 29, 1982. Potts filed a motion to correct error which was denied. This appeal followed.

The issue presented is whether the trial court abused its discretion by not setting aside a default judgment entered against

1. S.C. 10(B) provides:

(B) Default. If the defendant fails to appear at the time and place specified for trial, or for any continuance thereof, the court may enter a default judgment against him. Before default judgment is entered, the court shall examine the notice of claim and return thereof and make inquiry, under oath, of those present so as to assure the court that:

(1) Service of notice of claim was had under such circumstances as to establish a reasonable probability that the defendant received such notice.

(2) Within the knowledge of those present, the defendant is not under legal disability and has sufficient understanding to realize the nature and effect of the notice of claim.

(3) The plaintiff has a prima facie case.

After such assurance, the court may render default judgment and, upon entering such judgment, shall assess court costs against the defendant.

2. S.C. 10(A), which by its terms applies to the dismissal of plaintiff's claims, impliedly also applies to the dismissal of defendant's counterclaims. S.C. 10(A) reads:

(A) Dismissal. If the plaintiff fails to appear at the time and place specified for the trial, or for any continuance thereof, the court may dismiss the action without prejudice. If a counterclaim has been filed the court may grant judgment for the defendant after first making an inquiry similar to that required by S.C. 10(B) in the case of default judgments. If the claim is refiled and the plaintiff again fails to appear such claim may be dismissed with prejudice.

the defendant when he failed to appear at trial due to his misunderstanding as to the date of the trial.

The procedure for the dismissal of claims and the granting and setting aside of default judgments is stated in Small Claims Rule 10. The language of the rule invests the trial judge with discretion. S.C. 10(A)[3] states that "[i]f the plaintiff fails to appear ... the court *may* dismiss the action without prejudice ...." and "[i]f the claim is refiled and the plaintiff again fails to appear such claim *may* be dismissed with prejudice." (Emphasis added.)

Similarly, S.C. 10(B)[4] provides "[i]f the defendant fails to appear ... the court *may* enter a default judgment against him." (Emphasis added.) Additionally, S.C. 10(C) provides:

"Upon good cause shown the court *may*, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim. Following the expiration of one year, the judgment debtor may seek a reversal of the original judgment only upon the filing of an independent action, as provided in Ind.R.Tr.P. 60(B)." (Emphasis added.)

Because the denial of relief from default is a matter within the sound discretion of the trial judge, this court will reverse only if it appears the trial judge has abused that discretion. *Cazarus v. Blevins* (1974), 159 Ind.App. 512, 308 N.E.2d 412. An abuse of discretion will be found only where the trial court's action was clearly against the logic and effect of the circumstances. *State ex rel. Stream Pollution Control Board v. Town of Wolcott* (1982), Ind.App., 433 N.E.2d 62.

The Small Claims Rules are designed so laypersons, without the aid of an attorney,[5] can seek and receive a judicial resolution of a claim without the expense and procedural formality of typical civil litigation. To that end, S.C. 8(A) provides:

"(A) Procedure. The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise."

Although informality is an express goal of the rules, this informality was not intended to encompass blatant disregard for all rules of procedure. Accordingly, the rules provide, *inter alia*, for a particular form of the notice of claim, S.C. 2; the manner of service, S.C. 3; time for the filing of counterclaims, S.C. 5; guidelines for the grant of continuances, S.C. 9; and the requirement of "good cause shown" before the vacating of a default judgment, S.C. 10(C). A party thus submits to certain requirements by availing himself of the informality of the small claims forum.

The circumstances of a particular case are of great importance when we balance the need for these procedural guidelines with the goals of access, economy and informality in small claims proceedings. We also must be mindful of the trial judge's discretion when he too tries to strike the proper balance. A procedural error made by a layperson, for example, might be good cause for procedural leniency by a trial judge while an attorney making the same error representing a small claims litigant might not be similarly indulged. Likewise, the layperson who adopts the small claims forum for its informality and economy might be entitled to expect some procedural laxity at the trial level. However, once that person appeals an adverse judgment on the merits, he has taken himself out of the informal context of the small claims court and has thrust himself into the not-so-informal and not-so-economical sphere of appellate review where he will be treated with the same strict standards as any other appellant.

---

**3.** *See* n. 2, *supra.*

**4.** *See* n. 1, *supra.*

**5.** A party may, of course, utilize an attorney if he desires. S.C. 2(B)(5), S.C. 8(C).

*Bedree v. Larson* (1979), 181 Ind.App. 270, 391 N.E.2d 670.

What distinguishes this case from the example directly above is the defendant here failed to receive the informal day in court that the Small Claims Rules seek to provide. The merits of this case have never been heard. While it is within the trial judge's discretion to enter a default judgment against a non-appearing small claims defendant and to deny that defendant's motion to vacate, a part of the "facts and circumstances" against which the judge's action is to be gauged is the purpose and policies of the small claims forum.

■ We are not saying it should always be an abuse of discretion to deny relief from a default judgment in a small claims case where the defendant puts forward some reason to justify his non-appearance. We have no quarrel, for example, with the result in *Baldwin v. Clodfelter* (1979), 180 Ind.App. 152, 387 N.E.2d 101. There the default judgment entered for failure to appear was first set aside on the ground that the defendant's attorney did not know of the trial date. The trial judge, however, reinstated the judgment given undisputed evidence that the defendant knew of the trial date but had failed to alert his attorney. Notice to attorneys is not provided for by the rules. It is the responsibility of the attorney representing a party in a small claims case to know the trial date either through inquiry to the court or to his client. It is certainly the responsibility of the client to advise his attorney of notices received from the court. The failure by the defendant in *Baldwin* to notify the attorney of the trial date was not "good cause shown" as required by S.C. 10(C) and there was no abuse of discretion on the part of the trial judge in reinstating the default judgment.

■ In the present case, however, it is unclear that Potts knew when the trial was to be held. It is clear he was aware of the date set forth on the notice of claim, but it is equally clear he had reason to believe that date would not be kept as the trial date. Potts' employee, Schultz, who filed the counterclaim for Potts, thought he had been told that by filing the counterclaim a new trial date would be set. He conveyed that understanding to Potts. Furthermore, Potts was familiar with the procedure in the Elkhart Division of the Elkhart County Court where it had been the practice to reset trial dates in small claims cases when counterclaims were filed. Transcript, p. 6. Potts, without actual notice to the contrary, assumed the same procedure would be followed in the Goshen Division, an assumption supported by the impression he received from Schultz.[6]

Potts could have called the court to make sure the trial was not going to be held on August 30, 1982 as originally scheduled. We would demand that an attorney be sure a trial had been rescheduled before failing to appear at the date set for trial. But the policy underlying the small claims procedure is inconsistent with shutting a layperson out of court when a similar mistake is made. What might not be good cause for an attorney can certainly be good cause for a person untrained in the law who might reasonably assume there is some continuity to the treatment of small claims cases in one county. In other words, we believe a part of the total facts and circumstances upon which we must judge the logic and effect of the court's action are the policies and purposes supporting the existence of small claims courts and procedures. In that context, to deny a layperson all opportunity to litigate his defense and counterclaim on the merits under the facts here present *does* appear to constitute an abuse of discretion.

That the "good cause shown" prerequisite for vacating default judgments should be liberally construed in favor of Potts under these circumstances is supported by analogy to the dismissal provisions of S.C. 10(A). If the plaintiff fails to appear at the time set for trial, the dismissal almost al-

6. In denying Potts' motion to set aside default judgment and motion to correct error, the trial judge made no finding that he disbelieved Potts' account of the reason for his failure to appear.

ways will be without prejudice even though the wording of the rule is "[T]he court may dismiss the action without prejudice." (Emphasis added.) Dismissal with prejudice is contemplated only when the plaintiff again fails to appear after the claim has been refiled. *Wood v. Zeigler Building Materials, Inc.* (1982), Ind.App., 436 N.E.2d 1168; S.C. 10(A).

■ The only distinction drawn in *Wood* between dismissal and default under S.C. 10 is that a plaintiff may refile at any time after once having a claim dismissed for failure to appear subject, of course, to the applicable statute of limitation. A defendant, however, may have a default judgment vacated only on a showing of good cause in a motion filed within one year from the date of default.[7] Thereafter, the provisions of TR 60(B) are the defendant's only recourse. By analogy to *Wood*, where there is good cause shown, an original motion to set aside a default judgment against the defendant should be liberally construed in his favor.

Potts has shown good cause in a timely filed motion. The judgment should have been set aside and the parties should have been allowed the informal hearing on the merits contemplated by the Small Claims Rules.

The requirement in S.C. 10(C) of "good cause shown" is a broad concept subject to the trial judge's sound discretion. However, the trial judge here abused that discretion when, contrary to the spirit of the small claims court and clearly against the logic and effect of the circumstances, he overlooked the good cause shown. In doing so, and by not simply admonishing the defendant and proceeding to a trial on the merits, the trial judge defeated the goals of access, economy and informality which the Small Claims Rules seek to provide. Instead, this case has been forced into the realm of attorneys and costly appellate procedure in an attempt to secure a hearing on the merits.

The judgment is reversed with instructions to the trial court to vacate the default judgment and to reschedule the hearing of the original claim and counterclaim.

STATON, P.J., concurs in result.

HOFFMAN, J., concurs.

---

7. *But see Sanders v. Kerwin* (1980), Ind.App., 413 N.E.2d 668 requiring the defendant to also show he has a good and meritorious defense before allowing relief from default judgment. Potts has shown a prima facie meritorious defense.