**MULTIVEST PROPERTIES,**
Appellant–Plaintiff,

v.

**Carl HUGHES and Tabatha Schlabach,**
Appellees–Defendants.

No. 20A04–9512–CV–499.

Court of Appeals of Indiana.

Oct. 21, 1996.

J. John Marshall, Multivest Properties, Elkhart, appellant pro se.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Plaintiff-Appellant Multivest Properties (Multivest) appeals a judgment rendered in a small claims matter in favor of Defendants–Appellees Carl Hughes and Tabatha Schlabach (referred to collectively ·below as "Hughes").

We reverse and remand.

*ISSUES*

We review the following issues [1]:

1. Whether the trial court abused its discretion when it denied Multivest's motion for continuance.

2. Whether the trial court erred in entering judgment instead of dismissing the case without prejudice.

*FACTS AND PROCEDURAL HISTORY*

On December 8, 1993, Multivest filed a claim in Elkhart Superior Court # 5, Small Claims Division, alleging that Hughes owed late fees, rent, and other allowable charges. A preliminary hearing was held on January 11, 1994, and Hughes admitted to owing $250.00 for back rent. Hughes denied any

further liability. At the preliminary hearing, Multivest was represented by its principals, J. John Marshall and Tamra Olds.

A hearing on the remaining issues of liability was set for December 6, 1994. Notice of the date of the hearing was sent to Multivest on January 19, 1994. On December 5, 1994, Multivest filed a motion for continuance "due to Mr. Marshall being out of state." (R. 4). The trial court held the hearing on December 6, 1994. No representative from Multivest appeared at the hearing. Hughes appeared and testified that he owed nothing beyond the $250.00 for back rent. The court entered judgment in favor of Hughes.

On December 22, 1994, Multivest filed a motion to set aside the judgment. In the motion, Multivest alleged that its failure to appear at the hearing was due to excusable neglect. In the motion, Multivest also alleged that the trial court should have dismissed the case without prejudice pursuant to S.C.R. 10(A).

A hearing was held on Multivest's motion on January 10, 1995. At the hearing, Marshall testified that he was confused by the notice of the setting of the hearing because it referred to Hughes's admission that he owed back rent. Marshall also testified that he set the matter aside for additional review, and failed to enter the trial date in his calendar. He further testified that he was attending a real estate closing in Florida on the date of the hearing. He testified he had filed motions for continuance of other cases scheduled for December 6, 1994, but did not file a motion for the case against Hughes because it was not noted on his calendar. Finally, he testified that Olds discovered the oversight and filed the motion when she could not obtain the file from Marshall's locked office.

The trial court denied Multivest's motion to set aside the judgment. Multivest now appeals.

*DISCUSSION AND DECISION*

I. DENIAL OF THE CONTINUANCE

Multivest contends that the trial court abused its discretion in denying its motion

---

1. Multivest also raises the issue of whether the trial court erred in denying its motion to set aside the judgment under Ind.Trial Rule 60(B).

Our reversal of the trial court's judgment under the dictates of Ind.Small Claims Rule 10 renders the issue moot.

for continuance. Multivest argues that it showed "good cause" for the grant of the continuance under S.C.R. 9. In support of its argument, Multivest cites the evidence presented in the hearing to set aside the judgment.

■ S.C.R. 9 provides that "[e]ither party may be granted a continuance for good cause shown." In the present case, the motion for continuance of a trial set in January was not filed until the day before the December trial date. The motion stated only that one of the plaintiff's principals, Marshall, was out of state; it did not provide the court with any information on the nature of Marshall's absence from the state, the reason why the other principal, Olds, could not appear, or the reason why the motion was filed eleven months after the trial date was set. Coupled with the lack of information in the motion was the failure of Olds to appear at the trial and inform the court as to the reason for the request.

■ Given the paucity of information available to the court at the time it reviewed the motion for continuance, we cannot say that it abused its discretion in denying the motion. A trial court is not compelled to find good cause upon a bare claim that a principal is out of the state. As we noted in *Breezewood Management Co. v. Maltbie*, 411 N.E.2d 670, 672 (Ind.Ct.App.1980), a plaintiff cannot "file[ ] a motion devoid of details and simply walk[ ] away, trusting to fate that [the motion] [will] be sustained."

Multivest cites *Flick v. Simpson*, 145 Ind. App. 698, 252 N.E.2d 508 (1969), *reh'g. denied* 145 Ind.App. 698, 255 N.E.2d 118 (1970), in support of its argument. In *Flick*, we stated that the unavoidable absence of a party is good cause for a continuance. *Id.* 252 N.E.2d at 512. The problem here, of course, is that the trial court was not presented with sufficient information to enable it to determine whether Marshall's absence was avoidable or unavoidable.

Multivest also cites *Potts v. Castillo*, 460 N.E.2d 996 (Ind.Ct.App.1984), in support of its argument. In *Potts*, we reviewed the propriety of the small claims court's denial of a motion to set aside a judgment. In doing

so, we discussed the nature of a small claims court's discretion in granting or denying continuances. We did not, however, hold that a small claims court is required to grant a continuance upon the bare assertion that a party is unable to attend.

The trial court did not abuse its discretion in denying Multivest's motion for continuance.

## II. APPLICATION OF S.C.R. 10

Multivest contends that the trial court abused its discretion in entering judgment without allowing Multivest an opportunity to present its evidence. Multivest argues that S.C.R. 10(A) limits the trial court's discretion when a plaintiff fails to appear.

■ S.C.R. 10(A) provides that "[i]f the plaintiff fails to appear at the time and place specified for the trial, or for any continuance thereof, the court may dismiss the action without prejudice." The rule further provides that "[i]f the claim is refiled and the plaintiff again fails to appear such claim may be dismissed with prejudice." As we noted in *Wood v. Zeigler Building Materials, Inc.*, 436 N.E.2d 1168, 1170 (Ind.Ct.App.1982), the rule is quite specific. "Dismissal with prejudice is contemplated only when the plaintiff again fails to appear after the claim has been refiled." *Id.*

■ In the present case, the trial court entered judgment for the defendants without permitting Multivest to present its evidence. Entry of judgment was more onerous than dismissal with prejudice, the consequence of a failure to appear after a previous dismissal. Thus, entry of judgment was inconsistent with S.C.R. 10(A). Furthermore, entry of judgment was contrary to the purpose of the small claims rules, i.e., to insure informal and speedy decisions without application of procedural rules. *See Potts*, 460 N.E.2d at 998; S.C.R. 8(A).

### CONCLUSION

The trial court did not abuse its discretion in denying Multivest's motion for a continuance. However, the trial court did err in entering judgment against Multivest. We reverse and remand for a determination on

the merits after a presentation of the evidence.

Reversed and remanded.

DARDEN and NAJAM, JJ., concur.