**Peg ZAREMBA, Appellant–Plaintiff,**

v.

**Jessica NEVAREZ and John Nevarez, Appellees–Defendants.**

**No. 64A05–0809–CV–524.**

Court of Appeals of Indiana.

Dec. 30, 2008.

Timothy E. Vojslavek, Vojslavek & Catsadimas, P.C., Valparaiso, IN, Attorney for Appellant.

## OPINION

BROWN, Judge.

Peg Zaremba appeals the trial court's dismissal with prejudice of her claim against Jessica Nevarez and John Nevarez for rent and damages. Zaremba raises two issues, which we consolidate and restate as whether the trial court abused its discretion by denying Zaremba's motion to correct error concerning the trial court's dismissal with prejudice of Zaremba's complaint. We reverse and remand.

The relevant facts follow. On February 1, 2008, Zaremba filed a small claims eviction complaint against the Nevarezes under Cause Number 64D04–0802–SC–629 ("Cause No. 629"). On February 22, 2008, the trial court held a hearing on ejectment

with both parties present.[1] Zaremba advised the trial court that the Nevarezes had vacated the premises. The trial court set a hearing on damages for March 14, 2008.

On March 14, 2008, the trial court entered an order indicating that the parties appeared for an initial hearing and setting a bench trial for May 30, 2008. On May 30, 2008, Zaremba failed to appear, but her counsel appeared and requested dismissal without prejudice. The trial court dismissed the matter without prejudice.

On July 7, 2008, Zaremba filed a claim against the Nevarezes for $2,063.39 in connection with the rental property under Cause Number 64D04–0807–SC–3733 ("Cause No. 3733"). On August 14, 2008, the trial court dismissed Zaremba's claim with prejudice. The trial court's order states:

> On May 30, 2008 the matter of *Zaremba v. Jessica and John Nevarez* in 64D04–0807–SC–3733 was dismissed because [Zaremba] failed to appear for bench trial.[2] The trial was set after [the Nevarezes] appeared at Damages Hearing and contested the amount that [Zaremba] had sought in post-possession damages. [Zaremba]'s Attorney set forth no reason for [Zaremba]'s failure to appear and filed no motion under Trial Rule 60 to set aside the dismissal. The finding of dismissal served as *res judicata* on this subsequent filing, which appears to be an attempt by [Zaremba]

to circumvent the dismissal for [Zaremba]'s failure to appear.

> The actions of [Zaremba]'s Attorney in attempting to file a new claim for damages after the previous matter was dismissed for his client's failure to appear are contrary to the spirit, intent and findings made in SC–3773. [Zaremba's] failure to appear and the dismissal is *res judicata*. **This matter is dismissed with prejudice.**

Appellant's Appendix at 20.

On August 19, 2008, Zaremba filed a motion to correct error and argued that the trial court erred by relying on the dismissal without prejudice of Cause No. 629 as a basis for res judicata.[3] The trial court entered the following order denying Zaremba's motion to correct error:

> The Court finds as follows:
>
> 1. On May 30, 2008, in the cause number 64D04–0807–SC–3733 entitled *Zaremba versus Nevarez*, [Zaremba] did not appear **for trial.** Counsel for [Zaremba] had no explanation for her whereabouts and failure to appear. The Court asked counsel whether he wanted a continuance, whether he wanted to proceed with [the Nevarezes] as his witness, or whether he wanted to dismiss her claim without prejudice for damages, post eviction.[ ] [Zaremba]'s counsel chose dismissal without prejudice. The Court specifically advised [Za-

---

1. The record does not contain a copy of the transcript from this hearing.

2. Zaremba argues that the trial court "incorrectly refers to the earlier proceeding as Case No. 64D04–0807–SC–3733. The undersigned assumes that Trial Court meant to refer to Case No. 64D04–0802–SC–629." Appellant's Brief at 2 n. 1. We likewise believe this to be the case.

3. Zaremba also argued that "[s]aid Dismissal with Prejudice purports to be based on a

hearing that took place in the above-captioned cause on May 30, 2008, and 'the spirit, intent and findings' made therein. As no such hearing could possibly have taken place in the above-captioned cause seeing how it was not even filed until several weeks later, the undersigned assumes that the Court meant to reference the hearing of May 30, 2008, in Cause No. 64D04–0802–SC–629." Appellant's Appendix at 22.

remba's attorney] that if [Zaremba] missed the hearing due to excusable neglect or emergency, to file a Rule 60 Motion within 60 days. [Zaremba] filed *nothing.*

2. [Zaremba] then filed this cause of action for damages, knowing that she had failed to follow the court's directive to file a Rule 60 Motion to reinstate the cause of action. The action in SC–3733 could not proceed to the merits *because [Zaremba] did not show up.* It would not be fair to [the Nevarezes], who appeared for trial, to be later sued for the same claim in which the opposing party failed to appear.

3. In both the Journey's Account Statute and the caselaw interpreting Small Claims Rule 10([B]),[4] the negligence of the Plaintiff who fails to appear and prosecute the action is an exception to the rule allowing subsequent refiling of an action. *See e.g. Kohlman v. Finkelstein,* 509 N.E.2d 228 (Ind.App.1987) and *Mul-*

*tivest Properties v. Hughes,* 671 N.E.2d 199 (Ind.Ct.App.1996). In the *Multivest* case, it was particularly noted that it is Plaintiff's obligation to seek relief from the dismissal without prejudice under Rule 60 prior to refiling the case.

*Id.* at 31.

■ Before addressing Zaremba's arguments we note that the Nevarezes did not file an appellees brief. When an appellee fails to submit a brief, we do not undertake the burden of developing appellees arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes prima facie error. *Zoller v. Zoller,* 858 N.E.2d 124, 126 (Ind. Ct.App.2006). This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. *Wright v. Wright,* 782 N.E.2d 363, 366 (Ind.Ct. App.2002).

■ The sole issue is whether the trial court abused its discretion by denying

4. In its entirety, Small Claims Rule 10 provides:

(A) Dismissal. If the plaintiff fails to appear at the time and place specified for the trial, or for any continuance thereof, the court may dismiss the action without prejudice. If a counterclaim has been filed the court may grant judgment for the defendant after first making an inquiry similar to that required by S.C. 10(B) in the case of default judgments. If the claim is refiled and the plaintiff again fails to appear such claim may be dismissed with prejudice.

(B) Default. If the defendant fails to appear at the time and place specified for the trial, or for any continuance thereof, the court may enter a default judgment against him. Before default judgment is entered, the court shall examine the notice of claim and return thereof and make inquiry, under oath, of those present so as to assure the court that:

(1) Service of notice of claim was had under such circumstances as to establish a reasonable probability that the defendant received such notice.

(2) Within the knowledge of those present, the defendant is not under legal disability and has sufficient understanding to realize the nature and effect of the notice of claim.

(3) The plaintiff has a prima facie case. After such assurance, the court may render default judgment and, upon entering such judgment, shall assess court costs against the defendant.

(C) Setting Aside Default. Upon good cause shown the court may, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim. Following the expiration of one year, the judgment debtor may seek a reversal of the original judgment only upon the filing of an independent action, as provided in Ind. R. Tr. P. 60(B).

Zaremba's motion to correct error concerning the trial court's dismissal with prejudice of Zaremba's complaint. The standard of appellate review of trial court rulings on motions to correct error is abuse of discretion. *Paragon Family Restaurant v. Bartolini,* 799 N.E.2d 1048, 1055 (Ind.2003). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *Id.*

Zaremba argues that the trial court abused its discretion when it: (A) determined that a previous dismissal without prejudice could serve as res judicata for a subsequent refiling of the same claim; and (B) stated that a plaintiff who fails to appear one time for trial in a small claims case was required to seek relief pursuant to Ind. Trial Rule 60. We will address these arguments separately.

## A. *Res Judicata*

■■■ The trial court dismissed Zaremba's complaint in Cause No. 3733 with prejudice because the finding of dismissal in Cause No. 629 "served as *res judicata*" for the subsequent complaint. Appellant's Appendix at 20. Zaremba argues that the dismissal of Cause No. 629 cannot serve as the basis for res judicata. We agree. "Under the doctrine of res judicata, 'a judgment rendered on the merits is an absolute bar to a subsequent action between the same parties or those in privity with them on the same claim or demand.'" *Gill v. Pollert,* 810 N.E.2d 1050, 1057 (Ind. 2004) (quoting *Sullivan v. American Cas. Co.,* 605 N.E.2d 134, 137 (Ind.1992)). "For principles of res judicata to apply, there must have been a final judgment on the merits and that judgment must have been entered by a court of competent jurisdiction." *Matter of Sheaffer,* 655 N.E.2d 1214, 1217 (Ind.1995).

In Cause No. 629, Zaremba's attorney requested dismissal without prejudice and the trial court dismissed the matter "without prejudice." Appellant's Appendix at 17. Because Cause No. 629 was dismissed without prejudice, it was not a judgment on the merits. Consequently, we conclude that Zaremba's complaint in Cause No. 3733 was not barred by the doctrine of res judicata. *See, e.g., In re L.B.,* 889 N.E.2d 326, 333–334 (Ind.Ct.App.2008) (holding that the second petition for the involuntary termination of fathers parental rights to his children was not barred by the doctrine of res judicata because the first petition was dismissed without prejudice due to a procedural error and did not finally determine the underlying issues on the merits); *Wood v. Zeigler Bldg. Materials, Inc.,* 436 N.E.2d 1168, 1170 (Ind.Ct.App.1982) ("A dismissal without prejudice is not a determination of the merits of a complaint and does not bar a later trial of the issues."); *C.L.B. v. S.T.P.,* 167 Ind.App. 10, 15, 337 N.E.2d 582, 585 (1975) ("We are of the opinion that the first petition filed by the petitioner was not res judicata as there was no judgment rendered on the merits and there was no adjudication in the former suit. In fact the cause was dismissed sua sponte without prejudice by the court.") Thus, we conclude that the trial court abused its discretion by dismissing Zaremba's claim on this basis.

## B. *Ind. Trial Rule 60*

■■■ The trial court's order denying Zaremba's motion to correct error states that Zaremba failed to file a motion under Ind. Trial Rule 60 to reinstate the cause of action. Specifically, the trial court cited *Kohlman v. Finkelstein,* 509 N.E.2d 228 (Ind.Ct.App.1987), *reh'g denied, trans. denied,* for the proposition that "[i]n both the Journey's Account Statute and the caselaw interpreting Small Claims Rule

10([B]), the negligence of the Plaintiff who fails to appear and prosecute the action is an exception to the rule allowing subsequent refiling of an action." Appellant's Appendix at 31. The court in *Kohlman* addressed Indiana's Journey's Account Statute, Ind.Code § 34–1–2–8,[5] which provided:

> If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated.

The court held that "[t]he purpose of I.C. 34–1–2–8 is to provide for continuation when a plaintiff fails to obtain a decision on the merits for some reason other than his own neglect and the statute of limitations expires while his suit is pending." 509 N.E.2d at 232. We held that a case that is voluntarily dismissed does not toll the statute of limitations and the plaintiff's refiled complaint was beyond the statute of limitations. *Id.* at 231–232. We do not find *Kohlman* instructive because it addressed a situation in which the second complaint was filed beyond the statute of limitations and the statute of limitations is not an issue in this case.

The trial court's order on Zaremba's motion to correct error stated, "In [*Multivest Properties v. Hughes*, 671 N.E.2d 199 (Ind.Ct.App.1996)], it was particularly noted that it is Plaintiff's obligation to seek relief from the dismissal without prejudice under Rule 60 prior to refiling the case." Appellant's Appendix at 30. We disagree with the trial court's reading of *Multivest.*

In *Multivest,* Multivest Properties ("Multivest") filed a claim against Carl Hughes and Tabath Schlabach (collectively as "Hughes"). 671 N.E.2d at 200. At a preliminary hearing, Multivest was represented by its principals; Hughes admitted to owing $250 for back rent; and the trial court set a hearing on the issue of liability for December 6, 1994. *Id.* On December 5, 1994, Multivest filed a motion for a continuance, which the trial court denied. *Id.* On December 6, 1994, the trial court held a hearing, and Hughes testified that they owed nothing beyond $250 in back rent. *Id.* The trial court entered judgment in favor of Hughes. *Id.* Multivest was not represented at the hearing. *Id.*

On December 22, 1994, Multivest filed a motion to set aside the judgment and argued that its failure to appear at the hearing was due to excusable neglect and that the trial court should have dismissed the case without prejudice pursuant to Small Claims Rule 10(A). *Id.* After a hearing, the trial court denied Multivest's motion to set aside the judgment. *Id.*

On appeal, Multivest argued that Small Claims Rule 10(A) limited the trial court's discretion when a plaintiff fails to appear. *Id.* at 201. Small Claims Rule 10(A) governs dismissal and default and provides: "If the plaintiff fails to appear at the time and place specified for the trial, or for any continuance thereof, the court may dismiss the action without prejudice .... If the claim is refiled and the plaintiff again fails to appear such claim may be dismissed with prejudice." We held that the rule is specific and "[d]ismissal with prejudice is contemplated only when the plaintiff again fails to appear after the claim has been refiled." *Id.* (quoting *Wood,* 436 N.E.2d at

---

**5.** Ind.Code § 34–1–2–8 was repealed by Pub.L. No. 1–1998, § 221 (eff. July 1, 1998). *See now* Ind.Code § 34–11–8–1 (Supp.2005).

1170). We also held that dismissal with prejudice was "the consequence of a failure to appear after a previous dismissal." *Id.* We held that "[e]ntry of judgment was more onerous than dismissal with prejudice, the consequence of a failure to appear after a previous dismissal. Thus, entry of judgment was inconsistent with S.C.R. 10(A)." *Id.* We also noted that "Multivest also raises the issue of whether the trial court erred in denying its motion to set aside the judgment under Ind.[ ]Trial Rule 60(B). Our reversal of the trial court's judgment under the dictates of Ind.[ ]Small Claims Rule 10 renders the issue moot." *Id.* at 200 n. 1.

Consequently, in *Multivest*, we did not hold that "it is Plaintiff's obligation to seek relief from the dismissal without prejudice under Rule 60 prior to refiling the case," as stated by the trial court. Appellant's Appendix at 30. Rather, we held that Ind. Small Claims Rule 10 is specific and "[d]ismissal with prejudice is contemplated only when the plaintiff again fails to appear after the claim has been refiled." *Id.* (quoting *Wood,* 436 N.E.2d at 1170). Here, the record does not reveal that Zaremba failed to appear after the claim was refiled. Thus, Ind. Small Claims Rule 10(A) does not contemplate dismissal with prejudice under the circumstances. As previously mentioned, the Nevarezes did not file an appellee's brief, and we will not develop arguments on their behalf. With this in mind, we conclude that the trial court abused its discretion by dismissing Zaremba's claim with prejudice and denying Zaremba's motion to correct error. *See Multivest,* 671 N.E.2d at 201–202 (reversing and remanding for a determination on the merits after a presentation of the evidence).

For the foregoing reasons, we reverse the trial court's dismissal of Zaremba's claim against the Nevarezes and remand for proceedings consistent with this opinion.

Reversed and remanded.

ROBB, J., and CRONE, J., concur.