# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**E. PAIGE FREITAG**
Jones McGlasson & Benckart
Bloomington, Indiana

ATTORNEY FOR APPELLEE:

**R. PATRICK MAGRATH**
Alcorn Goering & Sage, LLP
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| A.T. (Mother), ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | No. 39A05-1107-DR-335 |
| ) | |
| G.T. (Father), ) | |
| ) | |
| Appellee. ) | |

APPEAL FROM THE JEFFERSON CIRCUIT COURT
The Honorable Ted R. Todd, Judge
Cause No. 39C01-1101-DR-36

**January 30, 2012**

**OPINION – FOR PUBLICATION**

**DARDEN, Judge**

A.T. ("Mother") appeals the trial court's denial of her petition for a change of judge in a custody modification action filed by G.T. ("Father").

We reverse and remand with instructions.

### ISSUE

Whether the trial court erred in denying Mother's petition for change of judge.

### FACTS

Mother and Father were divorced on December 28, 2009, in Trimble County, Kentucky. The Trimble Family Court awarded joint custody of the two minor children to Mother and Father, with Father to act as the primary custodial parent.

Later, Mother, Father, and the children apparently moved to Madison, Indiana. On February 2, 2010, a no contact order was issued by the Jefferson Superior Court based on allegations of domestic violence by Father upon Mother. The Trimble Family Court, which retained jurisdiction over domestic issues between the parties, ordered that Mother should have temporary physical custody of the children.

On October 6, 2010, the Trimble Family Court restored the joint custody arrangement with both Mother and Father sharing parenting time. On November 30, 2010, the Trimble Family Court ordered that the domestic relations case should be transferred to the Jefferson Circuit Court, and the Jefferson Circuit Court assumed jurisdiction on January 11, 2011.

Mother subsequently moved to Bloomington, Indiana. On May 4, 2011, Father, who had been found not guilty of the felony domestic abuse charges but convicted of misdemeanor domestic battery,[1] filed a petition to modify custody, alleging that a substantial and continuing change of circumstances required an award of sole physical custody to Father with reasonable visitation rights to Mother. On the same day, Father requested a hearing on his petition to modify custody. Neither of his pleadings showed a certificate of service to Mother upon filing.

On May 12, 2011, the Jefferson Circuit Court set a hearing for June 2, 2011; however, the order setting the hearing did not state the nature of the hearing. Mother received the trial court's order by regular mail on May 25, 2011. On May 27, 2011, Mother received a copy of Father's petition to modify custody. On the same day, Mother filed a motion for continuance and a motion entitled "Motion For Change Of Venue And Motion For Change Of Venue From Judge." (Mother's App. 24). This motion states that Mother "respectfully requests that pursuant to Indiana Trial Rules 76 and 79, moves the Court that there be a change [of] venue of county and pleads in the alternative for a change of Judge and a special Judge from a different county be appointed . . . ." *Id.*

On June 1, 2011, the trial court denied Mother's motions without a hearing. Mother, who appeared pro se because of the difficulty in obtaining counsel for the June 2, 2011 modification hearing, renewed her requests in open court at the hearing, but the trial

---

[1] On October 13, 2011, this court reversed Father's conviction for misdemeanor domestic battery. *[M.T.] v. State*, 954 N.E.2d 1105 (Ind. Ct. App. 2011).

3

court again denied them. After the hearing, the trial court awarded sole physical custody to Father with Mother to receive visitation rights under the Indiana Parenting Time Guidelines.

## DECISION

Mother contends that the trial court erred in denying her request for automatic change of judge under Trial Rule 76. She argues that the trial court had no discretion to deny the request and that the trial court had no jurisdiction to rule on Father's petition for modification of custody.

Father responds that Mother's petition filed on May 27, 2011, is a request for change of venue under Trial Rule 76(A) and an alternate request for change of judge under the specific conditions of Trial Rule 79(C).[2] Father maintains that Mother did not request a Trial Rule 76 automatic change of judge in her May 27, 2011 motion and that

---

[2] Trial Rule 79(C) states:

> A judge shall qualify and recuse whenever the judge, the judge's spouse, a person within the third degree of relationship to either of them, the spouse of such a person, or a person residing in the judge's household:
>
> > (1) is a party to the proceeding, or an officer, director or trustee of a party;
> >
> > (2) is acting as a lawyer in the proceeding;
> >
> > (3) is known by the judge to have an interest that could be substantially affected by the proceeding; or
> >
> > (4) is associated with the pending litigation in such fashion as to require disqualification under the *Code of Judicial Conduct* or otherwise.
>
> Upon disqualification or recusal under this section, a special judge shall be selected in accordance with Sections (D), (E), and (H) of this rule.

she should not be able to raise the issue for the first time on appeal. Father also maintains that Mother's request was untimely.

Trial Rule 76(B) provides that in civil actions, where a change may be taken from the judge, "such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or [her] attorney." Under the rule, a change may be taken from a judge in connection with a petition to modify a dissolution decree. When a party files a motion for a change of judge, the trial court is divested of jurisdiction except to grant the change or act on emergency matters. *Bedree v. DeGroote*, 799 N.E.2d 1167, 1172 (Ind. Ct. App. 2003), *trans. denied*.

Here, Mother filed an unverified motion specifically requesting either a change of venue to Monroe County, or in the alternative, a change of judge in connection with Father's petition to modify the dissolution decree. Indeed, in the opening paragraph of her motion, she requested such changes under both Rules 76 and 79. In so doing, she listed the various factors that she believed warranted a change of venue from the county. Even though she was not required to do so, she also listed various factors that she believed warranted a change of judge. We cannot conclude that an automatic change of judge, available under Rule 76(B) without the statement of the grounds for such change, was lost when the party who requested the change went beyond the bare requirements of

the rule and enumerated factors related to her request.[3] The trial court erred in denying the request for automatic change of judge and in ruling on Father's petition for modification.

Trial Rule 76(C) provides time limitations upon the party seeking an automatic change of judge under Trial Rule 76(B). Father contends that Mother's motion for change of judge was untimely under Trial Rule 76(C)(5). Father cites *McClure v. Cooper*, 893 N.E.2d 337, 340 (Ind. Ct. App. 2008) in support of his contention.

Trial Rule 76(C)(5) provides:

> *[W]here a party has appeared at or received advance notice of a hearing* prior to the expiration of the date within which a party may ask for a change of judge or county, *and also where at said hearing a trial date is set* which setting is promptly entered on the Chronological Case Summary, a party shall be deemed to have waived a request for change of judge or county unless within three days of the *oral setting* the party files a written objection to the trial setting and a written motion for change of judge or county[.]

(Emphasis added).

In *McClure*, a panel of this court considered the timeliness of a motion for change of judge in an appeal from a small claims proceeding where the motion was filed three days before the trial. The majority noted that the goal of small claims proceedings is to

---

[3] We are aware that on the day before the modification hearing, the Guardian Ad Litem filed a response to Mother's motion in which she requested that the trial court "not allow further delay." (Father's App. 71). The proper response to the Guardian Ad Litem's request was immediately to begin the process for the appointment of a new judge.

6

"insure informal and speedy decisions without application of procedural rules." 893 N.E.2d at 340 (quoting *Multivest Prop. v. Hughes*, 671 N.E.2d 199, 201 (Ind. Ct. App. 1996)). The majority then opined that Trial Rule 76(C)(5) should be read to require a party to file a motion to change judge within three days "after receiving notice from the court that a trial date has been set . . . ." *Id*. The majority applied the three-day rule even though an oral setting of the trial date was not made at a hearing.

In his dissent, Judge Kirsch argued that Trial Rule 76(C)(5) is not applicable absent a hearing wherein the trial court sets the matter for trial. *Id.* at 341. The dissent emphasized that the rule requires "(1) that a party appear at or have notice of a hearing, (2) that the court *at that hearing* sets the matter for trial, and (3) that the trial date is promptly entered into the CCS." *Id.* at 342. (Emphasis in original). The dissent concluded that the rule does not apply "because the trial setting was not made in course of conducting a hearing . . . ." *Id*.

Rules of statutory construction are applicable to the interpretation of trial rules. *Carter-McMahon v. McMahon*, 815 N.E.2d 170, 175 (Ind. Ct. App. 2004). The applicable rule of construction in this case is that, where possible, "every word is to be given effect, and no part of the statute is to be construed so as to be meaningless if it can be reconciled with the rest of the statute." *See Gray v. D & G, Inc.*, 938 N.E.2d 256, 259 (Ind. Ct. App. 2010). As the *McClure* dissent emphasizes, Trial Rule 76(C)(5) clearly applies only when a hearing has been held and the trial date was set at that hearing. In

7

addition, the three-day requirement is premised upon an *oral setting* of the trial date. In the context of a small claims proceeding where the general intent is to insure informal and speedy decisions without application of procedural rules, the *McClure* majority reads these provisions out of Trial Rule 76(C)(5). We do not question the *McClure* majority's reasoning within the context of small claims actions; however, in the present general jurisdiction case we must agree with the dissent's emphasis upon each word and phrase of the rule.

Here, where the trial court did not hold a hearing and set a trial date, the limitations of Trial Rule 75(C)(5) are not applicable. Accordingly, Mother was not required to file her motion within three days after receiving notice that a trial date had been set. Therefore, her motion to change judge was not untimely.

## CONCLUSION

The trial court should have automatically granted the request for automatic change of judge under Trial Rule 76(B). Furthermore, the trial court should not have held the modification hearing, as it was deprived of jurisdiction by the timely filing of the Trial Rule 76(B) request.

We reverse and remand with instructions that the judge grant Mother's request for change of judge and that the procedures for the selection of a new judge be immediately

8

implemented.  We urge the parties to cooperate in the timely selection of a new judge and

to consider the welfare of their children in resolving this matter.[4]

Reversed and remanded.

BAKER, J., and BAILEY, J., concur.

---

[4] We note that Mother's request for change of venue from the county was unverified.  Accordingly, a proper request was not timely filed, and a change of venue from the county is improper.  *See* Trial Rule 76(A).