## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 10 2018, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David F. McNamar
McNamar & Associates, P.C.
Westfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Paul J. Elmer,

*Appellant-Petitioner,*

*v.*

Indiana Pharmacy Board,

*Appellee-Respondent.*

April 10, 2018

Court of Appeals Case No.
49A05-1711-PL-2697

Appeal from the Marion Superior Court

The Honorable David J. Dreyer, Judge

Trial Court Cause No.
49D10-1709-PL-34090

**Bradford, Judge**

# Case Summary

[1] In August of 2017, Appellee-Respondent the Indiana Pharmacy Board ("the Board") suspended the pharmacy license of Appellant-Petitioner Paul Elmer for ninety days following his indictment by a federal grand jury. Elmer petitioned for judicial review, and, when his petition was denied and the Board extended his suspension, he filed an amended petition and timely moved for a change of judge. The trial court did not grant Elmer a change of judge and eventually granted the Board's motion to dismiss the amended complaint. While both parties make arguments on the merits, we need not address them, as they agree that the trial court did not have the discretion to deny Elmer's timely motion for a change of judge. We reverse the trial court's dismissal of Elmer's amended petition and remand with instructions to grant his motion for change of judge.

# Facts and Procedural History

[2] On July 5, 2017, the State of Indiana petitioned the Board for summary suspension of Elmer, alleging that he was "a clear and immediate danger to the public health and safety if allowed to operate as a R.Ph. in Indiana." Appellant's App. Vol. II p. 91. A federal grand jury had indicted Elmer for violations of federal drug laws by prior to the filing of this petition. On August 9, 2017, following a hearing, the Board suspended Elmer's pharmacy license for ninety days ("the First Suspension"). On September 6, 2017, Elmer petitioned for judicial review and moved for a stay of the First Suspension. On September

19, 2017, the Board moved to dismiss Elmer's petition, and the trial court dismissed the case on October 4, 2017.

[3] Meanwhile, on October 2, 2017, the Board held a second hearing, after which it suspended Elmer's pharmacist license for another ninety days ("the Second Suspension"). On October 10, 2017, Elmer filed an amended petition for judicial review and a motion for change of judge. On October 19, 2017, the Board filed a notice reserving all affirmative defenses in response to Elmer's amended pleading and moved to dismiss Elmer's amended petition. The trial court granted the Board's motion to dismiss Elmer's amended petition on October 24, 2017.

## Discussion and Decision

[4] Elmer appeals from the trial court's grant of the Board's motion to dismiss his amended petition for judicial review. We need not reach that claim, however, as Elmer also contends that the trial court erred in not granting his motion for change of judge, a contention with which the Board agrees. The parties seemingly only differ on the effect of this: While Elmer would also have us review the merits of his claims, the Board contends that all we should do is remand for a change of judge. We agree with the Board.

[5] Indiana Rule of Trial Procedure 76 provides, in part, as follows:

> (B) In civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney.

….

(C) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge (or change of venue) shall be filed not later than ten [10] days after the issues are first closed on the merits. Except:

(1) in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days from the date the case is placed and entered on the chronological case summary of the court as having been filed[.]

(First two sets of brackets in original).

[6] Although the parties disagree on some details, such as whether the provisions of subsections (C) or (C)(1) of Trial Rule 76 apply, both agree that the motion for change of judge was timely. Once the motion for change of judge was timely filed, the trial court simply had no jurisdiction to dismiss the petition—or do anything else, for that matter—except grant the motion for change of judge. "When a party files a motion for a change of judge, the trial court is divested of jurisdiction except to grant the change or act on emergency matters." *A.T. v. G.T.*, 960 N.E.2d 878, 881 (Ind. Ct. App. 2012). Because neither party alleges that there were any emergency matters present in this case, we reverse the judgment of the trial court and remand with instructions to grant Elmer's

motion for change of judge and to reinstate the amended petition for judicial review.[1]

[7] The judgment of the trial court is reversed and we remand with instructions.

Baker, J., and Kirsch, J., concur.

---

[1] Elmer also argues that the trial court erred in dismissing his original petition for judicial review and that his suspensions were not supported by sufficient admissible evidence. The Board seemingly also argues that the trial court correctly dismissed Elmer's amended petition for lack of subject matter jurisdiction. It is not necessary to address these claims, however, as the amended petition has been reinstated by this opinion.